UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| THE ESTATE OF JAMES C. WYATT, II, and LAYDELL WYATT, | Case No. 09-14919 |
| Plaintiffs, | David M. Lawson<br>United States District Judge |
| vs. | |
| WAMU/JP MORGAN CHASE BANK, PATHWAY FINANCIAL, LLC, and TROTT AND TROTT, PC, | Michael Hluchaniuk<br>United States Magistrate Judge |
| Defendants. / | |

**REPORT AND RECOMMENDATION
PLAINTIFF'S MOTIONS TO STRIKE (Dkt. 19, 21)**

**I.    PROCEDURAL HISTORY**

On December 18, 2009, plaintiff filed a complaint against defendants alleging violations of Racketeer Influenced and Corrupt Organizations Act, the Fair Debt Collection Practices Act, and the Fair Credit Reporting Act, along with intentional infliction of emotional distress. (Dkt. 1). Defendants filed answers to the complaint, along with affirmative defenses, on January 11, 2010 (answer by defendant Trott and Trott PC) and January 20, 2010 (answer by WAMU/JP Morgan Chase). (Dkt. 9, 10). On February 17, 2010, plaintiff filed a motion to strike certain affirmative defenses contained in the answer of defendant Trott and Trott and on February 22, 2010, plaintiff filed a motion to strike certain affirmative

defenses contained in the answer of defendant WAMU/JP Morgan Chase. (Dkt. 19, 20).

Plaintiff complains that these defenses (statutory foreclosure, contractual agreements, failure to mitigate, bona fide error, state law claims barred, improper service of process, statute of frauds, statute of limitations and repose, equitable doctrines, plaintiff's own negligence, intervening acts, compliance with applicable contracts, no damages, holder in due course, not liable for money damages, res judicata and/or collateral estoppel, and lack of duty to plaintiffs) are merely "stock" defenses, lack any logical order, do not indicate which counts of plaintiff's complaint they apply to, and lack sufficient legal and factual support.

In its response, defendant WAMU/JP Morgan Chase argues that plaintiff's motion to strike is untimely because it was not filed within 21 days of the answer to the complaint. It also argues that its affirmative defenses were properly and adequately pleaded under the Federal Rules of Civil Procedure. Defendant Trott and Trott raises similar arguments in its response.

In reply, plaintiff argues that she complied with the 21 day requirement because she provided "notice" of her intent to file a motion to strike in her answer to the counter-complaint. Plaintiff also asserts that defendants did not provide sufficient notice of the bases of their affirmative defenses and this renders them legally insufficient. She also claims, contrary to defendants' responses, that she

will be unfairly prejudiced because the Court would be holding defendants to a lower pleading standard than is required of her complaint, which is unfair when they asserted a counterclaim and prayer for relief.

## II. ANALYSIS AND CONCLUSIONS

Rule 12(f) provides that a party may move to strike within 21 days of being served with the pleading. Fed.R.Civ.P. 12(f). Here, it is clear that plaintiff did not timely file her motions. Rule 12(f) also permits the court to consider the sufficiency of a defense at any time, given that a court may strike a defense *sua sponte*. *Id.* However, given the extensive case law disfavoring motions to strike under Rule 12(f), particularly those seeking to strike affirmative defenses, as discussed in detail below, along with the untimeliness of plaintiff's motions, the undersigned recommends denying plaintiff's motions to strike defendants' affirmative defenses.

Rule 12(f) of the Federal Rules of Civil Procedure provides that, on motion of a party, the Court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Courts disfavor motions to strike because they "propose[ ] a drastic remedy." *Wrench LLC v. Taco Bell Corp.*, 36 F.Supp.2d 787, 789 (W.D. Mich. 1998), quoting, *Resolution Trust Corp. v. Vanderweele*, 833 F.Supp. 1383, 1387 (N.D. Ind. 1993). In addition, such motions "are generally regarded with

disfavor because of the limited importance on pleading in federal practice, and because they are often used as a delaying tactic." *United States v. Quadrini*, 2007 WL 4303213, *3 (E.D. Mich. 2007), quoting, *Quintani v. Baca*, 233 F.R.D. 562, 564 (C.D. Cal. 2003). However, a court has "liberal discretion" to strike such filings as it deems appropriate under Rule 12(f). *Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000); 2 Moore's Federal Practice § 12.37 (3d ed. 2002). A motion to strike is a drastic remedy that should be used sparingly and only when the purposes of justice require. *Driving School Assoc. of Ohio v. Shipley*, 2006 WL 2667017, *1 (N.D. Ohio 2006), citing, *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953).

A motion to strike an affirmative defense under Rule 12(f) "is proper if the defense is insufficient; that is, if 'as a matter of law, the defense cannot succeed under any circumstances.'" *United States Sec. & Exch. Comm'n. v. Thorn*, 2002 WL 31412440, *2 (S.D. Ohio 2002), quoting, *Ameriwood Industries Int'l Corp. v. Arthur Andersen & Co.*, 961 F.Supp. 1078, 1083 (W.D . Mich.1997); *see also United States v. Pretty Products*, *Inc.*, 780 F.Supp. 1488, 1498 (S.D. Ohio 1991) (stating that motions to strike may be appropriate where they "serve a useful purpose by eliminating insufficient defenses and saving the time and expense which would otherwise be spent in litigating issues which would not affect the outcome of the case") (internal quotation marks omitted). Such a motion is also

Report and Recommendation
Motions to Strike Affirmative Defenses
*Wyatt v. WAMU/JP Morgan Chase*; Case No. 09-14919

4

proper "if it aids in eliminating spurious issues before trial, thereby streamlining the litigation." *Thorn*, 2002 WL 31412440, *2.

However, the Sixth Circuit has held that "because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953). Thus, such a motion should only be granted "when the pleading to be stricken has no possible relation to the controversy." *Id*. Generally, a 12(f) "motion to strike will not be granted if the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits." *Pretty Products*, 780 F.Supp. at 1498. Additionally, the court "may only strike those defenses 'so legally insufficient that it is beyond cavil that defendants could not prevail on them.'" *Id.*, citing, *United States v. Kramer*, 757 F.Supp. 397, 410 (D. N.J. 1991). The decision whether to strike an affirmative defense is wholly discretionary. *Conocophillips Co. v. Shaffer*, 2005 WL 2280393, at *2 (N.D. Ohio 2005) ("Rule 12(f) permits the Court to act with discretion in that it may strike irrelevant and superfluous defenses or let them stand. There is absolutely no harm in letting them remain in the pleadings if, as the Plaintiff contends, they are inapplicable.")

In the view of the undersigned, plaintiff has not shown that the affirmative

defenses at issue are wholly unrelated to this case or that, as a matter of law, such defenses cannot succeed. Rather, she disputes whether they will ultimately be meritorious, and both parties rely significantly on various documents and other evidence to prove who will ultimately be successful in this case. A review of plaintiff's motions reveals that she is requesting that the Court decide both the ultimate merits of her claims and defendants' defenses in the context of a motion to strike under Rule 12(f). Essentially, plaintiff argues that defendant's defenses should be stricken because they are contrary to the claims made in her complaint and she disagrees with their validity. There are clearly factual issues regarding the merit of defendants' affirmative defenses that cannot be resolved through a motion to strike under Rule 12(f). *See Brown & Williamson*, *supra*.

In addition, the questions plaintiff raises regarding the factual bases for defendants' affirmative defenses can and should be addressed during the discovery process, not through a motion to strike. For example, in *Davis v. Sun Oil Co.*, 148 F.3d 606, 612 (6th Cir.1998), the Sixth Circuit evaluated, and found sufficient, an affirmative defense where a defendant which simply stated "Plaintiffs' claims are barred by the doctrine of res judicata." The detail requested by plaintiff is simply not necessary in a responsive pleading.

The undersigned also suggests that there is no prejudice to plaintiff in allowing these defenses to stand. Just as plaintiff bears the burden of proof on her

claims, defendants bear the burden of proving their affirmative defenses. The undersigned agrees with *Conocophillips*, 2005 WL 2280393, at *2 that "Rule 12(f) permits the Court to act with discretion in that it may strike irrelevant and superfluous defenses or let them stand" and that ultimately, "[t]here is absolutely no harm in letting them remain in the pleadings if, as the Plaintiff contends, they are inapplicable."

### III. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that plaintiff's motions be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: May 25, 2010

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

### CERTIFICATE OF SERVICE

I certify that on May 25, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Laydell Wyatt, Jennifer Boueri Chilson, Joseph H. Hickey, T.L. Summerville, and Amy E. Neumann.

s/Tammy Hallwood
Case Manager
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7887
tammy_hallwood@mied.uscourts.gov