UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| THE ESTATE OF JAMES C. WYATT, II, and LAYDELL WYATT, | Case No. 09-14919 |
| | David M. Lawson |
| Plaintiffs, | United States District Judge |
| vs. | |
| | Michael Hluchaniuk |
| WAMU/JP MORGAN CHASE BANK, PATHWAY FINANCIAL, LLC, and TROTT AND TROTT, PC, | United States Magistrate Judge |
| Defendants. | |
| _____/ | |

**REPORT AND RECOMMENDATION
DEFENDANTS' MOTIONS TO DISMISS (Dkt. 28, 41), PLAINTIFF'S
MOTION TO AMEND COMPLAINT (Dkt. 80), AND SHOW CAUSE
ORDER REGARDING DEFAULT/DEFAULT JUDGMENT (Dkt. 96)**

**I.     PROCEDURAL HISTORY**

On December 18, 2009, plaintiffs, the Estate of James C. Wyatt II, the deceased husband of plaintiff Laydell Wyatt, filed a complaint against defendants alleging violations of Racketeer Influenced and Corrupt Organizations Act (RICO), the Fair Debt Collection Practices Act, along with intentional infliction of emotional distress. (Dkt. 1). Defendants filed answers to the complaint, along with affirmative defenses, on January 11, 2010 (answer by defendant Trott and Trott PC) and January 20, 2010 (answer by WAMU/JP Morgan Chase) (Chase). (Dkt. 9, 10). On March 11, 2010, Chase filed a motion to dismiss plaintiff's

1

Report and Recommendation
Motions to Dismiss/Motion to Amend Complaint/SCO
*Wyatt v. WAMU/JP Morgan Chase*; Case No. 09-14919

complaint, asserting that plaintiff's RICO claim fails as a matter of law, that plaintiffs' complaint contains no facts to show that Chase tried to collect an unlawful debt, and that plaintiffs lack standing. (Dkt. 28). Trott and Trott filed a concurrence in Chase's motion to dismiss on April 2, 2010. (Dkt. 41). Plaintiffs filed two responses and a supplemental response on March 12 and April 2, 2010. (Dkt. 32, 42, 43). Chase filed a supplemental brief on April 16, 2010. (Dkt. 51). The Court held a hearing on May 27, 2010, pursuant to notice. (Dkt. 53). At that hearing, the Court determined that a ruling on the motion to dismiss would be deferred until the Court could hold a hearing on plaintiffs' motion for leave to amend her complaint.

On May 27, 2010, plaintiffs filed a motion for leave to amend the complaint. (Dkt. 80). Chase filed a response on June 14, 2010. (Dkt. 86). Plaintiffs filed a reply on June 21, 2010. (Dkt. 87). Pursuant to notice, the Court held a hearing on July 22, 2010 on plaintiffs' motion to amend. (Dkt. 84).

On January 5, 2010, plaintiffs filed a return of service indicating that Pathway Financial, LLC was served with the summons and complaint on December 23, 2009. (Dkt. 5). On February 17, 2010, plaintiffs requested a clerk's entry of default as to Pathway Financial. (Dkt. 20). Based on the return of service of the summons and complaint and plaintiffs' request, the clerk entered a default on February 22, 2010. (Dkt. 22). On July 22, 2010, plaintiffs filed a request for

2

Report and Recommendation
Motions to Dismiss/Motion to Amend Complaint/SCO
*Wyatt v. WAMU/JP Morgan Chase*; Case No. 09-14919

clerk's entry of default judgment with a supporting affidavit of a "sum certain" in the amount of $696,000. (Dkt. 93, 94). On July 23, 2010, the clerk's office entered a default judgment against Pathway Financial. (Dkt. 95).

On September 8, 2010, the undersigned entered an order for plaintiffs to show cause why the default and default judgment should not be set aside for failure to properly serve the summons and complaint on defendant Pathway Financial at an address associated with its resident agent or other proper address for service; why the clerk's entry of default should not be set aside because plaintiffs failed to serve the request for entry of default on Pathway Financial; and why the clerk's entry of default judgment should not be set aside because plaintiffs' claimed damages are not liquidated for a sum certain within the meaning of Rule 55. (Dkt. 96). Plaintiffs filed an objection and an amended objection on October 1, 2010, which the undersigned treats as the response to the order to show cause. (Dkt. 98, 99).

These matters are now ready for report and recommendation. For the reasons set forth below, the undersigned **RECOMMENDS** that the Court **SET ASIDE** the default and default judgment entered against defendant Pathway Financial, **DISMISS** plaintiffs' complaint for lack of subject matter jurisdiction, without prejudice, and **DENY** all pending motions as moot.

## II. FACTUAL BACKGROUND

Report and Recommendation
Motions to Dismiss/Motion to Amend Complaint/SCO
*Wyatt v. WAMU/JP Morgan Chase*; Case No. 09-14919

3

According to the original complaint, plaintiffs were married on January 8, 2005. (Dkt. 1). Plaintiffs contend that no mortgage existed on the decedent's home prior to their marriage. (Dkt. 1). Plaintiffs also contend that they did not apply for or agree to any mortgage during their marriage. *Id*. James C. Wyatt II, plaintiff Laydell Wyatt's husband, passed away on April 16, 2009. Beginning in May 2009, Mrs. Wyatt started receiving statements from Chase requesting payment of an "alleged mortgage" on the home. Mrs. Wyatt began corresponding with Chase regarding her husband's death and requested verification of the mortgage debt. Mrs. Wyatt began receiving collection notices regarding the mortgage in July, 2009. On August 4, 2009, Mrs. Wyatt sent Chase another copy of her husband's death certificate, a copy of the letters of authority appointing her the personal representative of his estate, and a validation letter disputing the mortgage, along with a request to cease all collection activity. On August 20, 2009, plaintiff received another collection letter and a request that she provide her information to Chase so that she could be added to the mortgage. Plaintiff sent an email detailing the history and including the above-referenced documents again.

On September 9, 2009, Trott and Trott sent a letter to the decedent which stated that Chase had chosen to accelerate the loan and allowing 30 days to respond with a dispute of the debt. According to the complaint, the foreclosure was filed and published on September 10, 2009. On September 17, 2009, plaintiff received a

Report and Recommendation
Motions to Dismiss/Motion to Amend Complaint/SCO
*Wyatt v. WAMU/JP Morgan Chase*; Case No. 09-14919
4

letter acknowledging the requests for validation.

On September 25, 2009, Mrs. Wyatt sent Chase and Trott & Trott a "Qualified Written Request" under 12 U.S.C. § 2605(e) for validation under the Real Estate Settlement Procedures Act. Mrs. Wyatt received a letter from Trott and Trott dated September 23, 2009 with the amount necessary for the mortgage to be reinstated. Mrs. Wyatt then received a letter from Trott and Trott dated September 28, 2009 indicating that the payoff amount for the mortgage was $230,178.89. Trott and Trott then sent plaintiff a letter indicating that the validation request does not relate to servicing activities and is beyond the scope of the act. Chase acknowledged the Qualified Written Request on October 21, 2009. Mrs. Wyatt spoke with a representative of Chase on November 16, 2009, who told her that it was working on the validation request and the foreclosure had been placed on hold "after the initial foreclosure hold runs out on ... December 10, 2009."

When Mrs. Wyatt contacted the Washtenaw County taxing authority to arrange for payment of the property taxes on November 19, 2009, she was told that the property was in "active foreclosure" and had been since September 10, 2009. Plaintiff spoke with Chase's representative again on November 19, 2009 and was informed that, contrary to the prior assurances of the foreclosure being placed "on hold," that Chase had to wait for the property to be put up for sale in order to

5

Report and Recommendation
Motions to Dismiss/Motion to Amend Complaint/SCO
*Wyatt v. WAMU/JP Morgan Chase*; Case No. 09-14919

postpone the foreclosure.

On November 23, 2009, plaintiff received correspondence from Trott and Trott, including a copy of the mortgage dated February 13, 2006, more than one year after Mr. and Mrs. Wyatt were married. According to Mrs. Wyatt, the signature of on the mortgage document was not her husband's signature and the lender was defendant Pathway Financial. In addition, the mortgage document indicated that Mr. Wyatt was a "single man" at the time he signed them, which is untrue. On December 9, 2009, Mrs. Wyatt spoke with Chase's representative regarding the documentation she previously requested. Chase's representative indicated that, unless Mrs. Wyatt agreed to take over the mortgage, Chase would not agree to postpone the foreclosure.

In plaintiffs' original complaint, the only theory of recovery asserted was under the Racketeer Influenced Corrupt Organizations Act (RICO). (Dkt. 1). In the proposed amended complaint attached to the motion for leave to amend, plaintiffs seek to add a quiet title count and a claim under the Fair Debt Collection Practices Act, in addition to an amended RICO claim. (Dkt. 80-1). In response to plaintiff's motion for leave to amend the complaint, Chase points out that Mr. Wyatt's last will and testament has been filed in the Wayne County Probate Court and shows that Mrs. Wyatt, along with Mr. Wyatt's daughter, were to receive the property in question as joint tenants with rights of survivorship. (Dkt. 86). In

6

Report and Recommendation
Motions to Dismiss/Motion to Amend Complaint/SCO
*Wyatt v. WAMU/JP Morgan Chase*; Case No. 09-14919

addition, as Mrs. Wyatt points out in her reply brief, she received six separate claims via mail from Chase through its attorneys stating that a claim had been filed against the Estate of James C. Wyatt II in the amount of $239,046.64. The claims are for the amount owing on the mortgage and Chase's attorney fees in relation to this case. (Dkt. 87)

## III. ANALYSIS AND CONCLUSIONS

### A. Default and Default Judgment

#### 1. Service of the summons and complaint

On January 5, 2010, plaintiffs filed a return of service indicating that Pathway Financial, LLC was served with the summons and complaint on December 23, 2009. (Dkt. 5). While the summons was issued to Pathway Financial at an address in Rochester Hills, the return of service indicates that it was "left at reception desk @ Inkster rd. Suite 240." (Dkt. 5). Pathway Financial has not filed an answer or otherwise responded to the complaint. In response to the order to show cause, plaintiff does not explain why the summons and complaint were served at an address different from that on the summons and does not offer any evidence that service on this defendant was proper.

"Before a court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987); *see also Walker v.*

7

Report and Recommendation
Motions to Dismiss/Motion to Amend Complaint/SCO
*Wyatt v. WAMU/JP Morgan Chase*; Case No. 09-14919

*Brooke Corporation*, 2009 WL 1689653, *1 (E.D. Mich. 2009), citing, Harrison v. Burt, 2008 WL 3984044, *1 (E.D. Mich. 2008) ("A party is under no duty to respond and a court does not have personal jurisdiction over a defendant until that defendant has been properly served."). Moreover, "actual notice of the litigation is insufficient to permit a court to exercise jurisdiction over a defendant; rather, compliance with the requirements of Rule 4 must be shown." *Harrison*, 2008 WL 3984044, *1. "In other words, until a party has been properly served, the Court cannot take action against that party, including entering a default or judgment by default against that party." *Harper v. ACS-Inc.*, Case No. 10-12112, Opinion and Order Granting Motion to Set Aside Default Judgment and Striking Clerk's Entry of Default and Default Judgment, October 28, 2010, Docket Entry 130.

Significantly, "[t]he plaintiff has the burden of establishing a *prima facie* showing of personal jurisdiction over the defendant." *Cadle Co. v. Schlichtmann*, 123 Fed.Appx. 675, 677, 2005 WL 293666, *1 (6th Cir. 2005), citing, *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir.1991). Thus, plaintiffs must show that service of the summons and complaint was proper. While the summons was issued to Pathway Financial at an address in Rochester Hills, the return of service indicates that it was "left at reception desk @ Inkster rd. Suite 240." (Dkt. 5). Plaintiffs have not explained, as directed in the order to show cause, why Pathway

8

Report and Recommendation
Motions to Dismiss/Motion to Amend Complaint/SCO
*Wyatt v. WAMU/JP Morgan Chase*; Case No. 09-14919

Financial was served at an address different from the address identified on the summons or offered evidence showing that the address where service was made was appropriate.[1] Here, plaintiffs have not made a *prima facie* showing that they properly served Pathway Financial with the summons and complaint and thus, plaintiffs fail to show that the Court has personal jurisdiction over Pathway Financial. *See, e.g.*, *Peacock v. Bayview Loan Servicing*, 2005 WL 1277667, *2 (N.D. Ohio 2005). Under these circumstances, the default and default judgment should be set aside.

### 2. Service of clerk's entry of default

The default should be set aside for a second reason. Even if service of the summons and complaint were proper, plaintiffs failed to serve the request for clerk's entry of default on Pathway Financial, which was their obligation under Rule 4. On February 17, 2010, plaintiffs requested a clerk's entry of default as to Pathway Financial. (Dkt. 20). Nothing in plaintiffs' request for clerk's entry of default indicates that it was served on Pathway Financial. Federal Rule of Civil Procedure 5(a)(2) provides that the only circumstance in which service need not be made is "on a party who is in default for failing to appear." Unless and until the

---

[1] Plaintiffs state that the summons and complaint were properly served on "Milo Loop at his then place [of] employment ... ." (Dkt. 99, p. 7). Plaintiffs do not, however, identify Milo Loop or how such service on him was proper as to Pathway Financial.

clerk enters a default against a party, that party, by definition, is not yet in default. Thus, Rule 5(a) unambiguously provides that service of the request for entry of default on defendant is required. *See e.g.*, *Mosley v. Faurecia Automotive Seating, Inc.*, 2008 WL 1925051, *2 (E.D. Mich. 2008); *Simmons v. Ohio Civil Service Emp. Assoc.*, 259 F.Supp.2d 677, 686 (S.D. Ohio 2003) (A default is properly set aside where the motion for default and other pleadings were not served on the parties in accordance with Rule 5(a).). In their response to the order to show cause, plaintiffs offer no evidence to suggest that they did, in fact, serve the request for entry of default on Pathway Financial in accordance with Rule 4. Thus, the default should be set aside for this reason.

        3.      Default Judgment

Finally, the undersigned concludes that the default judgment was improperly entered. On July 22, 2010, plaintiffs filed a request for clerk's entry of default judgment with a supporting affidavit of a "sum certain" in the amount of $696,000. (Dkt. 93, 94). On July 23, 2010, the clerk's office entered a default judgment against Pathway Financial. (Dkt. 95). A plaintiff requesting the clerk to enter judgment by default must submit an affidavit to establish that the amount due is a sum certain or one that can be made certain by computation. Fed.R.Civ.P. 55. This requirement is met when the damages claimed are for a liquidated amount. *See* 10A Fed. Prac. & Proc. Civ. § 2683 (3d ed.); *see also Coneta v. Nat'l Hair*

10

Report and Recommendation
Motions to Dismiss/Motion to Amend Complaint/SCO
*Wyatt v. WAMU/JP Morgan Chase*; Case No. 09-14919

*Care Centers*, 186 F.R.D. 262, 268 (D. R.I. 1999) ("The clerk only has power to enter a default judgment without judicial action when the claim is liquidated for a sum certain. * * * Where it is not, the judgment can only be entered (or ordered entered) by a district court judge."). The certainty requirement is not met when there is only a generalized statement of the amount due in plaintiff's complaint and a plaintiff cannot satisfy the certainty requirement simply by requesting a specific amount. 10A Fed. Prac. & Proc. Civ. § 2683 (3d ed.). Here, plaintiff sought and obtained a default judgment for $696,000 based solely on what appears to be a random selection of an amount of damages for claimed violations of the RICO statute. A "[s]um certain is defined as, 'Any amount that is fixed, settled, or exact.'" *Tindall v. One 1973 Ford Mustang*, 2006 WL 1329168 *4 (E.D. Mich. 2006), quoting, Black's Law Dictionary, 1449 (7th ed.1999); *see also Deal v. Polk County*, 2007 WL 951868, *2 (E.D. Tenn. 2007); *In re Family Resorts of America, Inc.*, 1992 WL 174539 (6th Cir. 1992). In *Tindall*, the court set aside the default judgment because the plaintiff's damages were based in part on compensatory damages for potential lost profits, and thus, "the amount of damages claimed is not settled, determined, or capable of calculation from the pleadings." *Deal*, 2007 WL 951868, *2, quoting, *Tindall*, 2006 WL 1329168, *4. Similarly, plaintiffs request for a specific amount of damages is not "settled, determined, or capable of calculation from the pleadings" and thus, simply does not satisfy the "sum certain"

Report and Recommendation
Motions to Dismiss/Motion to Amend Complaint/SCO
*Wyatt v. WAMU/JP Morgan Chase*; Case No. 09-14919

11

requirement of Rule 55. The undersigned concludes that the default judgment should, therefore, be set aside.

B. <u>Subject Matter Jurisdiction</u>

The court may not proceed to the merits of the case without first satisfying itself that it has subject matter jurisdiction. *See Galvan v. Federal Prison Industries, Inc.*, 199 F.3d 461 (D.C. Cir. 1999); *see also Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir. 1998) ("[F]ederal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction."). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3); *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737 (1976). Further, "'defects in subject matter jurisdiction cannot be waived by the parties and may be addressed by a court on its own motion at any stage of the proceedings.'" *Fowlkes v. Nat'l Archive and Record Adm.*, 2006 WL 3545105, *3 (S.D. Ohio 2006), quoting, *Owens v. Brock*, 860 F.2d 1363, 1367 (6th Cir. 1988). With respect to a factual evaluation of the actual existence of subject matter jurisdiction, the Court is free to consider extrinsic evidence and may weigh the evidence of its own jurisdiction without affording the plaintiff the presumption of truthfulness of the pleadings. *Ohio Hosp. Ass'n v. Shalala*, 978 F.Supp. 735, 739 (N.D. Ohio 1997); *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986).

C.  The Probate Exception to Federal Subject Matter Jurisdiction

Regardless of whether the Court otherwise has jurisdiction, it is inappropriate to consider the case if it falls within the probate exception to federal jurisdiction, which extends to matters that would require a federal court to interfere with the probate of an estate. *See, e.g.*, *Bedo v. McGuire*, 767 F.2d 305, 306 (6th Cir. 1985) ("It is well settled that federal courts have no probate jurisdiction."); *Mangieri v. Mangieri*, 226 F.3d 1, 2-3 (1st Cir. 2000) ("As a general matter, courts tend to view the probate exception as extending to all suits 'ancillary' to the probate of a will.") (internal quotation omitted). In *Markham v. Allen*, the Supreme Court held that "a federal court has no jurisdiction to probate a will or administer an estate, the reason being that the equity jurisdiction conferred by the Judiciary Act of 1789 ... did not extend to probate matters." 326 U.S. 490, 494 (1946). "[F]ederal courts of equity have jurisdiction to entertain suits in favor of creditors, legatees and heirs and other claimants against a decedent's estate to establish their claims so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." *Id.* (internal quotations omitted).

There are several policy reasons underlying the probate exception to federal jurisdiction. *In re Estate of Threefoot*, 316 F.Supp.2d 636, 642 (W.D. Tenn. 2004), citing, *Dragan v. Miller*, 679 F.2d 712, 714 (7th Cir. 1982). First, it promotes legal

certainty by limiting probate matters to one court system. "Certainty is desirable in every area of the law but has been thought especially so with regard to the transfer of property at death." *Id.*, quoting, *Dragan*, 679 F.2d at 714. Second, it promotes judicial economy. *Id*. The disposition of a decedent's assets normally begins in state court, and the probate exception "serves to preserve the resources of both the federal and state judicial systems and avoids the piecemeal or haphazard resolution of all matters surrounding the disposition of the decedent's wishes." *Id*., quoting, *Storm v. Storm*, 328 F.3d 941, 944 (7th Cir. 2003). Third, the state probate courts have more expertise in deciding probate questions. *Id*. "Because state courts have nearly exclusive jurisdiction over probate matters, state judges vested with probate jurisdiction develop a greater familiarity with such legal issues." *Id*., quoting, *Storm*, 328 F.3d at 944. A final, related reason for the probate exception is to avoid unnecessary interference with state courts: "if state courts have the exclusive task of probating a will, and thus develop the relative expertise to do so (including the expertise to deal with all matters ancillary to probate), then federal court resolution of such matters is ... an unnecessary interference with the state system." *Id*., quoting, *Storm*, 328 F.3d at 944.

As explained by the Sixth Circuit in *Wisecarver v. Moore*, 489 F.3d 747, 749 (6th Cir. 2007), the Supreme Court delineated the probate exception's "distinctly limited scope" in *Markham v. Allen*, 326 U.S. 490, 494 (1946):

> [W]hile a federal court may not exercise its jurisdiction to disturb or affect the possession of property in the custody of a state court, ... it may exercise its jurisdiction to adjudicate the rights in such property where the final judgment does not undertake to interfere with the state court's possession save to the extent that the state court is bound by the judgment to recognize the right adjudicated by the federal court.

After Markham, "[l]ower courts have puzzled over the meaning of the words 'interfere with the probate proceedings'... ." *Wisecarver*, 489 F.3d at 749, quoting, *Marshall v. Marshall*, 547 U.S. 293 (2006). This ambiguous language, the Supreme Court found, was intended merely to reiterate the general rule that "when one court is exercising in rem jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*." *Wisecarver*, 489 F.3d at 749, quoting, *Marshall*, 547 U.S. at 311. It then clarified:

> Thus, the probate exception reserves to the state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.

*Wisecarver*, 489 F.3d at 749-750, quoting, *Marshall*, 547 U.S. at 311. The Supreme Court concluded that the plaintiff's claims for tortious interference with a gift fell outside the probate exception because the claim sought *in personam* relief, as opposed to relief seeking to reach the *res* over which the state court had custody.

15

Report and Recommendation
Motions to Dismiss/Motion to Amend Complaint/SCO
*Wyatt v. WAMU/JP Morgan Chase*; Case No. 09-14919

*Id.*

As recently observed by the District Court for the Western District of Michigan, the probate exception applies where the dispute "would be cognizable only by the probate court." *Moredock v. Moredock*, 2009 WL 1974443, *2 (W.D. Mich. 2009), quoting, *Lepard v. NBD Bank*, 384 F.3d 232, 237 (6th Cir. 2004). In this respect, Michigan law provides that the probate "has exclusive legal and equitable jurisdiction" of all of the following:

> (a) A matter that relates to the settlement of a deceased individual's estate, whether testate or intestate, who was at the time of death domiciled in the county or was at the time of death domiciled out of state leaving an estate within the county to be administered, including, but not limited to, all of the following proceedings:
>
>> (i) The internal affairs of the estate.
>> (ii) Estate administration, settlement, and distribution.
>> (iii) Declaration of rights that involve an estate, devisee, heir, or fiduciary.
>> (iv) Construction of a will.
>> (v) Determination of heirs.
>> (vi) Determination of death of an accident or disaster victim under section 1208.
>
> * * *
>
> (d) A proceeding to require, hear, or settle the accounts of a fiduciary and to order, upon request of an interested person, instructions or directions to a fiduciary that concern an estate within the court's jurisdiction.

*Moredock*, at *2-3, quoting, Mich. Comp. Laws § 700.1302.

In this case, plaintiff seeks relief pertaining to the ownership and interests in

16

Report and Recommendation
Motions to Dismiss/Motion to Amend Complaint/SCO
*Wyatt v. WAMU/JP Morgan Chase*; Case No. 09-14919

the real property at issue. In the initial complaint and the proposed amended complaint, plaintiffs seek to have the mortgage declared void, to enjoin defendants from claiming any right, title, or interest in the property, and an injunction to restrain defendants from foreclosing on the property, along with money damages. The inquiry is whether "entertaining the action would cause the court to interfere with the probate proceedings or assume general jurisdiction or control of property in custody of the state court." *Threefoot*, 316 F.Supp.2d at 643, citing, *Moser v. Pollin*, 294 F.3d 335, 340 (2d Cir. 2002). Where the exercise of federal court jurisdiction requires the court to direct the disposition of the estate's assets. *Id.*, citing, *Torelli v. Torelli*, 941 F.Supp. 36, 39 (S.D. N.Y. 1996) (holding that probate exception applied to bar suit seeking to clear title to real estate and arrange for its sale). No dispute exists that a probate court matter relating to the will and assets of Mr. Wyatt's estate is currently pending. There is also no question that the real property at issue is the subject of Mr. Wyatt's will, appears to be included in the assets of the estate, and is the subject of Chase's claims asserted in the probate proceeding. Here, the relief requested by plaintiff involves disposition of the real property that is necessarily part of the probate estate and over which the probate court has exclusive jurisdiction. Under these circumstances, the probate exception to federal court jurisdiction plainly applies.

IV. **RECOMMENDATION**

Report and Recommendation
Motions to Dismiss/Motion to Amend Complaint/SCO
*Wyatt v. WAMU/JP Morgan Chase*; Case No. 09-14919

17

Based on the foregoing, the undersigned **RECOMMENDS** that the Court **SET ASIDE** the default and default judgment entered against defendant Pathway Financial, **DISMISS** plaintiffs' complaint in its entirety for lack of subject matter jurisdiction, without prejudice, and **DENY** all pending motions as moot.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).

Report and Recommendation
Motions to Dismiss/Motion to Amend Complaint/SCO
*Wyatt v. WAMU/JP Morgan Chase*; Case No. 09-14919

18

The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: November 4, 2010

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

### CERTIFICATE OF SERVICE

I certify that on November 4, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Laydell Wyatt, Jennifer Boueri Chilson, Joseph H. Hickey, T.L. Summerville, and Amy E. Neumann.

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov

19

Report and Recommendation
Motions to Dismiss/Motion to Amend Complaint/SCO
*Wyatt v. WAMU/JP Morgan Chase*; Case No. 09-14919