UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESTATE OF JAMES C. WYATT, II, and
LAYDELL WYATT,

                Plaintiffs,

v.

WAMU/JP MORGAN CHASE BANK,
PATHWAY FINANCIAL, LLC, and TROTT
AND TROTT, P.C.,

                Defendants.
_____/

Case Number 09-14919
Honorable David M. Lawson
Magistrate Judge Michael J. Hluchaniuk

**ORDER ADOPTING IN PART MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION, OVERRULING PLAINTIFFS'
OBJECTIONS TO REPORT AND RECOMMENDATION, SUSTAINING
DEFENDANTS' OBJECTIONS, VACATING DEFAULT JUDGMENT,
DENYING MOTIONS TO DISMISS, GRANTING PLAINTIFFS LEAVE
TO AMEND COMPLAINT, AND CONTINUING ORDER OF REFERENCE**

The matter is before the Court on objections filed by the plaintiffs and defendants to a report filed by Magistrate Judge Michael J. Hluchaniuk recommending that a default judgment in favor of the plaintiffs and against defendant Pathway Financial LLC be set aside and the case dismissed for want of subject matter jurisdiction. The plaintiffs filed a *pro se* complaint in this Court alleging that the defendants violated the Racketeer Influenced and Corrupt Organization (RICO) Act when they attempted to foreclose on a bogus mortgage on home belonging to plaintiff Laydell Wyatt's deceased husband, James C. Wyatt, II. The Court entered an order of referring the case to the magistrate judge to conduct all pretrial matters. Thereafter, defendants WAMU/JP Morgan Chase Bank and Trott and Trott PC filed answers to the complaint and motions to dismiss. In the meantime, the plaintiff applied to the clerk for a default judgment against defendant Pathway, and

the clerk entered judgment against Pathway in the amount of $696,000 on July 23, 2010. The plaintiffs also filed a motion to amend their complaint to add additional legal theories. After issuing show cause orders to the plaintiffs requiring justification for the default judgment, Judge Hluchaniuk filed a report on November 4, 2010 recommending that the default judgment be set aside. He also suggested that subject matter jurisdiction was lacking because the real estate was the object of a bequest in James C. Wyatt, II's will, which was being probated in the Wayne County, Michigan probate court. Therefore, he concluded, the case "falls within the probate exception to federal jurisdiction, which extends to matters that would require a federal court to interfere with the probate of an estate." R&R at 13. All parties (save Pathway) filed timely objections, and the matter is before the Court for a *de novo* review.

I.

The plaintiffs allege in their complaint that the defendants are trying to enforce by means of foreclosure a home mortgage that the plaintiffs allege does not exist and never existed. The magistrate judge discussed the facts in some detail, but the gist of the case is this: Laydell Wyatt alleges that she married James C. Wyatt, II on January 8, 2005. At that time, she says that each party disclosed their assets, and the home that is the subject of this case was unencumbered by a mortgage at the time. After Mr. Wyatt passed away on April 19, 2009, Mrs. Wyatt says she began receiving dunning notices on a home mortgage, escalating into threats to foreclose. When she asked for evidence of the debt, she says she received a copy of a mortgage dated a year after she and James were married, but the signature on the document did not match James's signature. She says no mortgage was signed on the property while they were married. Mrs. Wyatt alleges that the mortgage

was fraudulent, and the defendants' efforts to foreclose it and extract payments from her violate the RICO Act.

The plaintiffs filed their original complaint on December 18, 2009 against defendants WAMU/JP Morgan Chase Bank, Pathway Financial, LLC, and Trott and Trott PC, asserting a single theory of recovery under the RICO Act, 18 U.S.C. § 1961 *et seq.* The plaintiffs allege that the defendants are persons associated with Chase, an enterprise that participated in six racketeering acts, including "fraudulent alteration of an official mortgage document" and "continued certification of a fraudulently executed mortgage." Compl. at 6. The plaintiffs seek $711,595.17 in money damages and equitable relief in the form of an injunction to prevent a foreclosure sale of the property and rescission of the mortgage transaction. The plaintiffs' original complaint also refers to violations of the Fair Debt Collection Practices Act and the Fair Credit Reporting Act and claims defamation and Intentional Infliction of Emotional Distress. However, those claims were not substantiated in the complaint's allegations.

Defendants Chase and Trott and Trott PC filed answers to the complaint and affirmative defenses in January 2010. On March 11, 2010, Chase filed a motion to dismiss for inadequacy of the plaintiffs' RICO claim. Trott and Trott PC filed a concurrence in Chase's motion on April 2, 2010. After the plaintiffs filed responses to the motions to dismiss, the magistrate judge set a hearing for May 27, 2010. On the day of the hearing, the plaintiffs filed a motion for leave to amend their complaint, with the proposed amended complaint attached. The magistrate judge took under advisement the motions to dismiss, noting that he would defer ruling on them until after he had resolved the motion to amend. In the motion to amend, the plaintiffs wanted to add a quiet title claim and a claim under the Fair Debt Collection Practices Act. The magistrate judge noted that in

its response to plaintiff's motion for leave to amend the complaint, Chase mentioned that James Wyatt's last will and testament has been filed in the Wayne County, Michigan probate court, and the will bequeathed the property to Mrs. Wyatt and Mr. Wyatt's daughter as joint tenants with rights of survivorship. The magistrate judge also found important the fact that Chase had filed several claims against the estate in amounts totaling $239,046.64.

The plaintiffs attempted to serve defendant Pathway on December 23, 2009. The summons was addressed to Pathway Financial, LLC, at 1736 N. Fairview Lane, Rochester Hills, MI, 48306. However, the certificate of service states, "left at reception desk @ Inkster Rd, Suite 240. New place of employment receptionist accepted." Cert. of Service [dkt. #5]. There is no evidence that the service documents were mailed to this defendant. On February 17, 2010, the plaintiffs requested a clerk's entry of default because Pathway Financial never filed an answer to the complaint. The clerk entered a default on February 22, 2010, and, after receipt of the plaintiffs' affidavit of a "sum certain," the clerk entered a default judgment against Pathway Financial for $696,000 on July 23, 2010.

On September 8, 2010, the magistrate judge ordered the plaintiff to show cause why the default and default judgment should not be set aside for violation of several procedural rules. On October 1, 2010, the plaintiffs filed an objection and then an amended objection, which the magistrate judge construed as responses to the show cause order. The plaintiffs alleged that one Milo Loop was served with notice at his current workplace at the Inkster Road address in Bloomfield Hills, Michigan. The plaintiffs appear to argue that Milo Loop was an agent for Pathway Financial, LLC.

On November 4, 2010, the magistrate judge filed his report and recommendation on the defendants' motions to dismiss, the plaintiffs' motion for leave to amend the complaint, and the response to the show cause order. As mentioned above, the magistrate judge determined that the default judgment was defective because defendant Pathway was not served properly with the summons and complaint, the plaintiffs did not serve that defendant with the request for entry of default, and the plaintiffs did not make a claim for a sum certain, which was a prerequisite for a default judgment entry by the Clerk under Federal Rule of Civil Procedure 55(b)(1). The magistrate judge also recommend dismissal for want of subject matter jurisdiction. The plaintiffs and defendant Chase filed timely objections to the report and recommendation. This matter is now before the Court for a *de novo* review.

## II.

Objections to a report and recommendation are reviewed *de novo*. "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The parties' failure to file objections to the report and recommendation waives any further right to appeal. *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

### A. Default judgment

In their objections, the plaintiffs argue that the complaint was properly served on Milo Loop, the "President and 'agent' of Pathway Financial, at his then place of employment," in compliance

with Federal Rule of Civil Procedure 4(d)(1). Pl.'s Objs. at 1. The plaintiffs say that Mr. Loop was listed as the resident agent on the company's Annual Report filed with the Michigan Department of Labor and Economic Growth. Therefore, the plaintiffs argue that service was valid.

The plaintiffs are not correct. The record does not demonstrate proper service of the summons and complaint on defendant Pathway. The party moving for default judgment has the burden of proving that the defendant was properly served. *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987). Proper service is a prerequisite to personal jurisdiction, and therefore default judgment is inappropriate in the absence of service. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991); *accord Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 492 (3d Cir. 1993).

Federal Rule of Civil Procedure 4(h) lists the options for service of process on limited liability companies. One option is to "follow[] state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." *See* Fed. R. Civ. P. 4(h)(1)(A) (referencing Rule 4(e)(1)). A limited liability company also may be served by delivering a copy of the service documents to an officer or agent *plus* mailing a copy of the documents to the defendant. Fed. R. Civ. P. 4(h)(1)(B). Under Michigan law, service on a partnership association may be achieved by serving a person in charge of the office *and* mailing a copy of the summons and complaint to the business office. Mich. Ct. R. 2.105(E).

The plaintiffs's declaration stated that Milo Loop was served, but the plaintiffs never furnished any proof of a connection between Milo Loop and defendant Pathway. Moreover, the plaintiffs never furnished proof that all the steps required for proper service of this defendant were taken. There were other irregularities in the default judgment procedure described by the magistrate

judge as well, to which the plaintiffs have not objected. The Court finds that the failure to serve defendant Pathway with the request for clerk's entry of default as required by Rule 5(a)(2), and the entry of judgment by the Clerk when the amount sought was not a sum certain, as required by Rule 55(b)(2), invalidate the default judgment.

The Court will overrule the plaintiffs' objections and adopt the magistrate judge's recommendation to vacate the default judgment.

### B. Subject matter jurisdiction

Both the plaintiffs and defendant Chase object to the magistrate judge's recommendation to dismiss for want of subject matter jurisdiction. It appears that the magistrate judge's main concern was that the state probate court had taken jurisdiction over the real estate on which Chase had its alleged mortgage, and the plaintiffs' putative amendment sought to add a count to quiet title in that same property, which could have provoked a conflict between this Court and the probate court.

There are a number of problems with the plaintiffs' complaint, but the Court does not believe it trenches upon the probate court's jurisdiction, nor does it implicate the probate exception to federal jurisdiction. The problems include concerns over standing, if in fact the plaintiff has no present interest in the property or the mortgage and the probate court has not transferred title to her; the plaintiff does not appear to be a lawyer, nor does she allege that she is the personal representative of James Wyatt's estate, so she likely cannot advance a claim on behalf of the estate or anyone else except herself; and the plaintiffs' RICO allegations are less than clear.

However, with respect to subject matter jurisdiction, there can be no question that the district court may adjudicate a claim arising under RICO, a federal statute. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or

treaties of the United States."). The probate exception is a doctrine applicable to diversity jurisdiction and does not directly prevent the Court from exercising jurisdiction over a properly pled RICO claim. *See Wisecarver v. Moore*, 489 F.3d 747, 748 (6th Cir. 2007).

The magistrate judge ably set forth the law on this exception to diversity jurisdiction in his report. It is worth repeating, however, the limitations on that doctrine articulated by the Supreme Court in *Markham v. Allen*, 326 U.S. 490 (1946):

> [W]hile a federal court may not exercise its jurisdiction to disturb or affect the possession of property in the custody of a state court, . . . it may exercise its jurisdiction to adjudicate rights in such property where the final judgment does not undertake to interfere with the state court's possession save to the extent that the state court is bound by the judgment to recognize the right adjudicated by the federal court.

*Id.* at 494. The Supreme Court clarified that limitation in *Marshall v. Marshall*, 547 U.S. 293 (2006):

> Thus, the probate exception reserves to the state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.

*Id.* at 311. Drawing from those precedents, the Sixth Circuit determined that "to the extent that [a p]laintiff[] seek[s] *in personam* jurisdiction over the Defendants, and do not seek to probate or annul a will, the probate exception does not apply." *Wisecarver*, 489 F.3d at 750.

Such is the case here. The plaintiffs' complaint purports to state a cause of action under the RICO Act, 18 U.S.C. § 1962(c). They seek both money damages, a traditional RICO remedy, and equitable relief in the form of an injunction against the defendants asserting rights or attempting to foreclose on the property. *See* 18 U.S.C. § 1964. RICO provides equitable remedies, primarily in the context of prohibiting the activities of the RICO enterprise. *See id.* § 1964(a). Construing the

*pro se* plaintiffs' complaint liberally, the Court determines that the plaintiffs have attempted to state a RICO cause of action — an *in personam* action against the named defendants — that amounts to a federal claim and does not fall within the probate exception to federal court jurisdiction.

The Court must reject the magistrate judge's recommendation to dismiss the case for want of subject matter jurisdiction.

### C. Motion to amend

About five months after the lawsuit was filed, the plaintiffs sought leave to amend their complaint. The plaintiffs desire to add actions to quiet title to the real estate and for defamation and intentional infliction of emotional distress, and advance claims under the Fair Debt Collection Practices Act, the Fair Credit Reporting Act. The defendants object to the proposed amendments because the claims as articulated in the proposed amended complaint would be futile. Perhaps they would.

But there are two countervailing principles at work here. First, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Of course, amendments may be denied on the basis of undue delay, bad faith by the moving party, repeated failure to cure defects by previously-allowed amendments, futility of the proposed new claim, or undue prejudice to the opposite party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999); *Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997). But the Rule does not establish a deadline within which a party must file a motion to amend, *see Lloyd v. United Liquors Corp.*, 203 F.2d 789, 793-94 (6th Cir. 1953) (reviewing a district court's denial of a motion to amend after the entry of summary judgment), and under Rule 15(a), this Court has wide discretion

to allow a party to amend a complaint. *See Benzon v. Morgan Stanley Distribs., Inc.*, 420 F.3d 598, 613 (6th Cir. 2005).

Second, *pro se* parties are given wide latitude at the pleading stage of a lawsuit. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The plaintiffs' RICO claim may not touch all the bases. However, RICO is a complicated statute, and the Court frequently sees attempts to plead RICO claims fall short, even by attorneys. That is one reason the Court developed a RICO case statement that plaintiffs frequently are ordered to file as a supplement to a complaint. The plaintiffs' complaint has other problems, as noted earlier, with standing and capacity. The Court believes that the plaintiffs should have another chance to state a claim and address these defects. Therefore, the Court will grant the plaintiffs' motion to file an amended complaint, but it will not accept the proposed amended complaint previously submitted.

### D.  Motions to dismiss

The motions to dismiss were directed to the original complaint in this case. Because the plaintiffs will be filing an amended complaint that will supersede the original complaint, the motions to dismiss are no longer pertinent. The Court will deny them without prejudice to the defendants renewing those motions or filing new ones after the plaintiffs file their amended complaint.

### III.

The Court agrees with the magistrate judge that the default judgment must be set aside. The Court respectfully disagrees that subject matter jurisdiction is lacking. The Court also believes that the plaintiffs should have another chance to file a complaint that may serve as a basis for relief.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #100] is **ADOPTED IN PART AND REJECTED IN PART**.

It is further **ORDERED** that the plaintiffs' and defendant Chase's objections to the magistrate judge's report and recommendation [dkt. #101, 102] are **SUSTAINED IN PART AND OVERRULED IN PART**.

It is further **ORDERED** that the default judgment entered against defendant Pathway Financial, LLC [dkt. #95] is **VACATED, SET ASIDE, AND HELD FOR NAUGHT**.

It is further **ORDERED** that the defendants' motions to dismiss [dkt. #28, 41] are **DENIED WITHOUT PREJUDICE**.

It is further **ORDERED** that the plaintiffs' motion for leave to file an amended complaint [dkt. #80] is **GRANTED**.

It is further **ORDERED** that **on or before August 16, 2011**, the plaintiffs must file an amended complaint that contains allegations (A) establishing the plaintiffs' standing, (B) establishing the plaintiffs' capacity to bring this lawsuit, and (C) if the plaintiffs intend to continue to advance a claim under the Racketeer Influenced and Corrupt Organization (RICO) Act, 18 U.S.C. § 1961 *et seq.*, addressing the following guidelines:

> 1. State whether the alleged unlawful conduct is in violation of 18 U.S.C. 1962(a), (b), (c), and/or (d).
>
> 2. List the defendants and state the alleged misconduct and basis of liability of each defendant.
>
> 3. List the alleged wrongdoers, other than the defendants listed above, and state the alleged misconduct of each wrongdoer.
>
> 4. List the alleged victims and state how each victim was allegedly injured.

5. Describe in detail the pattern of racketeering activities or collection of unlawful debts alleged for each RICO claim. The description of the pattern of racketeering shall include the following information:
> a. List the alleged predicate acts and the specific statues that were allegedly violated;
> b. Provide the date of each predicate act, the participants in each predicate act, and a description of the facts constituting each predicate act;
> c. If the RICO claim is based on the predicate offenses of wire fraud, mail fraud, or fraud in the sale of securities, the "circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Identify the time, place and substance of the alleged misrepresentations, and the identity of persons to whom and by whom the alleged misrepresentations were made;
> d. State whether there has been a criminal conviction for violation of any predicate act;
> e. State whether civil litigation has resulted in a judgment with regard to any predicate act;
> f. Describe how the predicate act forms a "pattern of racketeering activity;" and
> g. State whether the alleged predicate acts relate to each other as part of a common plan. If so, describe the alleged relationship and common plan in detail.

6. Describe in detail the alleged "enterprise" for each RICO claim. A description of the enterprise shall include the following: (a) state the name of the individuals, partnerships, corporations, associations, or other legal entities, which allegedly constitute the enterprise; (b) a description of the structure, purpose, function and course of conduct of the enterprise; (c) a statement of whether any defendants are associated with the alleged enterprise; (e) a statement of whether plaintiff is alleging that the defendants are individuals or entities separate from the alleged enterprise or that the defendants are the enterprise itself, or members of the enterprise; (f) if any defendants alleged to be the enterprise itself, or members of the enterprise, an explanation of whether such defendants are perpetrators, passive instruments, or victims of the alleged racketeering activity.

7. State and describe in detail whether plaintiff is alleging that the pattern of racketeering activity and the enterprise are separate or have merged into one entity.

8. Describe the alleged relationship between the activities of the enterprise and the pattern of racketeering activity. Discuss how the racketeering activity differs from the usual daily activities of the enterprise, if al all.

9. Describe what benefits, if any, the alleged enterprise receives from the alleged pattern of racketeering.

10. Describe the effect of the activities of the enterprise on interstate or foreign commerce.

11. If the complaint alleges a violation of 18 U.S.C. 1962(a), provide the following: (a) state who received the income derived from the pattern of racketeering activity or through the collection of unlawful debt; and (b) describe the use or investment of such income.

12. If the complaint alleges a violation of 18 U.S.C. 1962(b), describe in detail the acquisition or maintenance of any interest in or control of the alleged enterprise.

13. If the complaint alleges a violation of 18 U.S.C. 1962(c), provide the following: (a) state who is employed by or associated with the alleged enterprise, and (b) state whether the same entity is both the liable "person" and the "enterprise" under 18 U.S.C. 1962(C).

14. If the complaint alleges a violation of 18 U.S.C. 1962(d), described in detail the facts showing existence of the alleged conspiracy.

15. Describe the alleged injury to business or property.

16. Describe the direct causal relationship between the alleged injury and the violation of the RICO statute.

17. List the damages sustained by reason of the violation of 18 U.S.C. § 1962, indicating the amount for which each defendant is allegedly liable.

18. List all other federal causes of action, if any, and provide the relevant statute numbers.

19. List all pendent state claims, if any.

20. Provide any additional information that you feel would be helpful to the Court in processing your RICO claims.

The plaintiffs shall include facts upon which the plaintiffs rely to initiate their RICO claims as a result of the "reasonable inquiry" required by Fed. R. Civ. P. 11.

It is further **ORDERED** that the matter is referred to Magistrate Judge Michael J. Hluchaniuk under the previous reference order [dkt. #14] to ready the matter for trial, and to conduct a trial if the parties consent under 28 U.S.C. § 626(b)(1)(c).

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   July 27, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 27, 2011.

s/Deborah R. Tofil  
DEBORAH R. TOFIL