UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE ESTATE OF JAMES C. WYATT, II,
and LAYDELL WYATT,

                    Plaintiffs,

vs.

WAMU/JP MORGAN CHASE BANK,
PATHWAY FINANCIAL, LLC, and
TROTT AND TROTT, PC, and
CHASE HOME FINANCIAL,

                    Defendants.

_____/

Case No. 09-14919

David M. Lawson
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

## REPORT AND RECOMMENDATION
## DEFENDANTS' MOTIONS TO DISMISS (Dkt. 111)

## I.    PROCEDURAL HISTORY

On December 18, 2009, plaintiffs, the Estate of James C. Wyatt II, the

deceased husband of plaintiff Laydell Wyatt, filed a complaint against defendants

primarily alleging violations of Racketeer Influenced and Corrupt Organizations

Act (RICO).  (Dkt. 1).  This matter is referred to the undersigned for all pretrial

proceedings by District Judge David M. Lawson.  (Dkt. 14).  Plaintiffs were

permitted to amend the complaint after Judge Lawson adopted in part and rejected

in part the report and recommendation issued by the undersigned on November 4,

2010.  (Dkt. 100, 107).  Plaintiffs filed their amended complaint on August 16,

1

Report and Recommendation
Motions to Dismiss/Motion to Amend Complaint/SCO
*Wyatt v. WAMU/JP Morgan Chase*; Case No. 09-14919

2011.  (Dkt. 108).  On August 29, 2011, defendant WAMU/JP Morgan Chase filed a motion to dismiss the amended complaint.  (Dkt. 111).  Plaintiffs filed a late response on November 2, 2011.  (Dkt. 114).  Defendant filed a reply on November 21, 2011.  (Dkt. 115).  This matter is now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **GRANTED**.

## II.      FACTUAL BACKGROUND

The detailed factual background relating to plaintiffs' claims may be found in the report and recommendation dated November 4, 2011.  (Dkt. 100).  It need not be repeated here.

## III.     ANALYSIS AND CONCLUSIONS

### A.     Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007), quoting, *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  A plaintiff is also obliged "to provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Ass'n of*

*Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007),

quoting, *Twombly*, 127 S.Ct. at 1964-65 (citations and quotation marks omitted).

The Supreme Court recently raised the bar for pleading requirements beyond

the old "no-set-of-facts" standard of *Conley v. Gibson*, 355 U.S. 41, 78 (1957), that

had prevailed for the last few decades. *Courie v. Alcoa Wheel & Forged Products*,

577 F.3d 625, 2009 WL 2497928, *2 (6th Cir. 2009), citing, *Ashcroft v. Iqbal*, 556

U.S. 662, 129 S.Ct. 1937, 1949 (2009); *see also Twombly*, 550 U.S. at 555.  In

*Iqbal*, the Supreme Court explained that a civil complaint only survives a motion to

dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim

to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949.  The Sixth Circuit

observed that this new standard is designed to screen out cases that, while not

utterly impossible, are "implausible." *Courie*, at *2.  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 129 S.Ct. at 1949.  And although the Court must accept all well-pleaded

factual allegations in the complaint as true, it need not "'accept as true a legal

conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555, quoting,

*Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see also Iqbal*, 129 S.Ct. at 1949.

Where a plaintiff is proceeding without the assistance of counsel, the court is

still required to liberally construe the complaint and hold it to a less stringent

standard than a similar pleading drafted by an attorney.  *See e.g. Simmons v. Caruso*, 2009 WL 2922046 (E.D. Mich. 2009), citing, *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Thus, the Court must still read plaintiffs' *pro se* complaint indulgently and accept plaintiffs' allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (The Court of Appeals improperly departed "from the liberal pleading standards set forth by Rule 8(a)(2)" and failed to "liberally construe" the *pro se* complaint at issue.).

     B.    <u>RICO</u>

The undersigned must first address a preliminary issue pertaining to the scope of this report and recommendation.  Plaintiffs' original complaint only included a RICO claim.  While plaintiffs' motion to amend the complaint attempted to add claims other than a RICO claim (Dkt. 80) the amended complaint as filed (Dkt. 108) again only contains a RICO claim.  Thus, it appears that plaintiffs have abandoned their other theories of recovery.  This is also evident from plaintiffs' response to the motion to dismiss.  While defendant, in an effort to cover all the bases, addresses the claims raised in the motion to amend, plaintiffs do not respond to any of the arguments or issues pertaining to these other claims in their response to the motion to dismiss.  The undersigned considers these claims

4

Report and Recommendation
Motions to Dismiss/Motion to Amend Complaint/SCO
*Wyatt v. WAMU/JP Morgan Chase*; Case No. 09-14919

abandoned and will only address the RICO claims set forth in the amended

complaint filed on August 16, 2011.  (Dkt. 108).

        1.      Defendant's motion to dismiss

Defendant makes a number of arguments regarding the deficiencies in

plaintiffs' RICO claim as stated in the amended complaint.  (Dkt. 111).  First,

defendant argues that plaintiffs have not alleged a pattern of racketeering activity.

That is, even if the factual allegations in the complaint are true, defendant argues

that there is no RICO offense (as set forth in § 1961(1)) for altering a mortgage

document, seeking to collect a debt secured by a mortgage, or "associating" with a

company alleged to have altered a mortgage.  Second, defendant argues that, to the

extent that plaintiffs rely on fraud, fraudulent concealment, and similar theories,

common law fraud theories are not sufficient to establish a RICO claim.  *See e.g.*,

*German Free State of Bavaria v. Toyobo Co. Ltd*., 480 F.Supp.2d 958, 968 (W.D.

Mich. 2007).  Third, defendant argues that plaintiffs fail to allege any facts to

support the alleged predicate acts.  Rather, according to defendant, plaintiffs

merely allege cite to "racketeering activities" and conclude that the conduct

described violates those provisions of the statute.

Fourth, defendant argues that plaintiffs cannot salvage their RICO claim by

merely referring to mail or wire fraud as the predicate acts because "When the

predicate acts are based on fraud, Rule 9(b)'s heightened pleading requirement

applies." *Lee v. Sheet Metal Workers' National Pension Fund*, 697 F.Supp. 781,

788 (E.D. Mich. 2010) (citation omitted).  Defendant asserts that plaintiffs' mail

and wire fraud claims were not pleaded with particularity, and thus, the claims fail.

Fifth, defendant argues that plaintiffs fail to allege the predicate acts with

sufficient continuity to be deemed a pattern of racketeering activity.  According to

defendant, plaintiffs' RICO claim is based on a single "scheme" relating to a

single, ordinary mortgage refinance transaction involving a single individual; this

single transaction is insufficient as a matter of law to form racketeering activity.

Plaintiffs have, therefore, failed to allege two predicate acts constituting a "pattern

of racketeering."  Next, defendant argues that plaintiffs' complaint fails because

there are no allegations demonstrating a valid RICO enterprise.

Defendants also argue that, to the extent plaintiffs contend that their RICO

claim is somehow predicated on the collection of an unlawful debt, that argument

would fail because there is no suggestion in the amended complaint that James

Wyatt's $232,000.00 loan was either a gambling related debt or usurious. See 18

U.S.C. § 1961(6).  While plaintiffs repeatedly use the term "unlawful debt" in

their amended complaint, they fail to include allegations conforming to its statutory

definition.  *See* 18 U.S.C. § 1961(5).  In addition, defendant also argues that

plaintiffs expressly limited their claim for relief to an alleged pattern of

racketeering activity and thus, their own words establish they are not relying on the

collection of an unlawful debt prong of § 1962(c).  As such, defendant concludes, plaintiffs have not alleged a viable RICO claim based on the collection of an unlawful debt.

Finally, defendant argues that plaintiffs lack standing because they have not alleged a violation of §1962.  And, even if plaintiffs had alleged a violation of section 1962, defendant asserts that plaintiffs still lack standing to sue because they fail to allege how they have been injured, particularly considering no foreclosure sale of the Gregory Home has occurred, how their injuries were caused by alleged RICO violations, and failed to identify the damages caused by each defendant. Thus, plaintiffs cannot establish an injury to their business or property proximately caused by a violation of § 1962 because there is no such violation pleaded in the amended complaint.  Accordingly, defendant asserts that they lack standing to sue for damages under § 1964(c), and this case should be dismissed for that reason.

### 2.    Plaintiffs' response

In response, plaintiffs claim that defendants operate as an enterprise engaged in a pattern of racketeering activity.  Each defendant participated in the fraud and through their network, created the alleged mortgage and note and various other papers after plaintiffs commenced this action. According to plaintiffs, defendants' purpose was to steal or fraudulently foreclose on Laydell Wyatt's home or extort a

7

Report and Recommendation
Motions to Dismiss/Motion to Amend Complaint/SCO
*Wyatt v. WAMU/JP Morgan Chase*; Case No. 09-14919

payment of $240,000.  Plaintiffs further claim that defendants' are related by their common purpose to protect the steady income they receive from the foreclosure trough funded by the taxpayers they defraud and to protect the securitized trusts' they serve by any means necessary.  To establish a "pattern of racketeering activity," plaintiffs rely on defendants alleged continued attempts to steal or fraudulently foreclose on Laydell Wyatt's home or extort a payment of $240,000.  Plaintiffs next assert that defendants' claim that Mr. Wyatt signed the mortgage documents without any eyewitness proof is a violation of RICO.  Plaintiffs also claim that the mortgage documents were created by defendants after they filed this lawsuit and this is violation of RICO.  Plaintiffs also refer the court to the "numerous predicate acts" committed by defendants as listed in the amended complaint and the "continuity of criminal conduct" committed by defendants in their responsive pleadings and the motion to dismiss.

      3.    Analysis

As Judge Lawson noted in his July 27, 2011 Opinion and Order, "RICO is a complicated statute, and the Court frequently sees attempts to plead RICO claims fall short, even by attorneys."  (Dkt. 107, Pg ID 1553).  Here, plaintiffs were essentially given a roadmap, through the previously filed motion to dismiss and through Judge Lawson's Opinion and Order.  *Id.*  However, for a number of reasons, plaintiffs' amended complaint falls far short of the mark to state a RICO

claim, even construing it quite liberally.

To state a RICO claim, the plaintiffs must plead the following elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima*, *S.P.R.L v. Imrex Co.*, *Inc.*, 473 U.S. 479, 496 (1985) (footnote omitted). In order to establish standing under 18 U.S.C. § 1964(c), a plaintiff to prove the following elements: (1) a violation of § 1962, (2) an injury to plaintiff's business or property, and (3) that plaintiff's injury was caused by a RICO violation. *See McGee v. City of Warrenville Heights*, 16 F.Supp.2d 837, 847 (N.D. Ohio 1998). Additionally, plaintiffs must plead (1) two or more predicate offenses; (2) the existence of an "enterprise;" (3) a nexus between the pattern of racketeering activity and the enterprise; and (4) resulting injury to business or property. *Miller v. Norfolk Southern Ry. Co.*, 183 F .Supp.2d 996, 1001 (N.D. Ohio 2002). *VanDenBroeck v. CommonPoint Mortgage Co.*, 210 F.3d. 696, 699 (6th Cir. 2000). RICO defines a "pattern of racketeering activity" as "at least two acts of racketeering activity." 18 U.S.C. § 1961(5). Crimes comprising "racketeering activity" are listed under 18 U.S.C. § 1961(1) and are commonly referred to as "predicate acts." The listed predicate acts include, among others: mail fraud (18 U.S.C. § 1341); wire fraud (18 U.S.C. § 1343); transportation of stolen property (18 U.S.C. § 2314); travel or transportation in aid of racketeering activity (18 U.S.C. § 1952); and receipt of stolen goods (18 U.S.C. § 2315). The undersigned

agrees with defendant that plaintiffs' fraud claims are not sufficient to establish the predicate acts for a RICO claim.  *See e.g.*, *German Free State of Bavaria v. Toyobo Co. Ltd.*, 480 F.Supp.2d 958, 968 (W.D. Mich. 2007).  Rather, § 1961(1) identifies very specific types of "fraud" that are simply not at issue here, such as fraud relating to identification documents, fraud in connection with access devices, and fraud perpetrated on a financial institution.  The undersigned also agrees that any vague references in plaintiffs' amended complaint to "fraudulent" telephone and mail communications are not alleged with sufficient particularity and thus, also fail to identify the requisite predicate acts.  *See e.g.*, *German Free State of Bavaria*, *supra*; *see also Lee v. Sheet Metal Workers' National Pension Fund*, 697 F.Supp. 781, 788 (E.D. Mich. 2010) ("When the predicate acts are based on fraud, Rule 9(b)'s heightened pleading requirement applies.") (citation omitted).

RICO makes it unlawful for any person (a) to invest income derived from a pattern of racketeering activity or through collection of an unlawful debt in any enterprise, (b) to acquire or maintain any interest or control of an enterprise through a pattern of racketeering activity or collection of an unlawful debt, (c) to participate in the affairs of an enterprise through a pattern of racketeering activity or collection of an unlawful debt, or (d) to conspire to violate (a), (b), or (c).  *See* 18 U.S.C. § 1962(a)-(d).  The undersigned also agrees with defendant that if plaintiffs' RICO claim is somehow predicated on the collection of an unlawful

debt, that argument would fail because there is no suggestion in the amended

complaint that James Wyatt's $232,000.00 loan was either a gambling related debt

or usurious, which is how "unlawful debt" is defined in this context.  *See* 18 U.S.C.

§ 1961(6).

      The Supreme Court also requires a RICO plaintiff do more than merely

recite two predicate acts because "there is something to a RICO pattern beyond the

number of predicate acts involved."  *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492

U.S. 229, 238 (1989).  Rather, a plaintiff must show that "the predicate acts are

related and that they constitute or pose a threat of continued criminal activity."

*H.J. Inc.*, 492 U.S. at 239.  It is this notion of "continuity plus relationship" that

combines to produce a "pattern" under RICO.  *Moon v. Harrison Piping Supply*,

465 F.3d 719, 724 (6th Cir. 2006).  Thus, merely pointing to two predicate acts is

insufficient to meet the pattern requirement.  A plaintiff must present evidence of

"continuity," which "is both a closed- and open-ended concept, referring either to a

closed period of repeated conduct, or to past conduct that by its nature projects into

the future with a threat of repetition."  *H.J. Inc.*, 492 U.S. at 241.  A closed period

of continuity may be demonstrated "by proving a series of related predicates

extending over a substantial period of time."  *Id.* at 242.  However, "[p]redicate

acts extending over a few weeks or months and threatening no future criminal

conduct do not satisfy this requirement."  *Id.*  In *Moon*, the Sixth Circuit held the

plaintiff failed to state a RICO claim because he did not establish continuity. *Id.* at 719. The plaintiff's claim was based on allegations his employer colluded with an insurance provider and a physician to deny him workers compensation benefits. The court found that, even though predicate acts occurring over a 30-month period may have constituted a "significant period of time," facts establishing a RICO pattern were still lacking because all of the alleged predicate acts "were keyed to [the defendants'] single objective of depriving [the plaintiff] of his benefits." *Id.* at 725. Where a single objective is alleged, "the purported racketeering activity does not bear the markings of the long-term criminal conduct about which Congress was concerned when it enacted RICO." *Id.* at 725-26.

Plaintiffs' claims are lacking because all of the alleged predicate acts "were keyed to [the defendants'] single objective of depriving [the plaintiff] of his benefits." *Moon*, 465 F.3d at 725. Where a single objective is alleged, "the purported racketeering activity does not bear the markings of the long-term criminal conduct about which Congress was concerned when it enacted RICO." *Id.* at 725–26. Here, plaintiffs' complaint is solely focused on the singular objective of defendants - to enforce what plaintiffs claim is a fraudulent mortgage and note.

For all of these reasons, plaintiffs' amended complaint fails to state a claim under RICO. Thus, the undersigned concludes that defendant's motion to dismiss

should be granted.

## IV.    RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that defendant's

motion to dismiss be **GRANTED**.

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to file any objections within 14 days of service,

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d).  Failure to file specific objections constitutes a waiver of any further right

of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and*

*Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation.  *Willis v. Sec'y of Health*

*and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

etc.  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).

13

Report and Recommendation
Motions to Dismiss/Motion to Amend Complaint/SCO
*Wyatt v. WAMU/JP Morgan Chase*; Case No. 09-14919

The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc.  If the Court determines that any objections are without merit, it may

rule without awaiting the response.

Date:  January 11, 2012                          s/Michael Hluchaniuk
                                                 Michael Hluchaniuk
                                                 United States Magistrate Judge

<u>**CERTIFICATE OF SERVICE**</u>

     I certify that on January 11, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Laydell Wyatt, Jennifer Boueri Chilson, Joseph H. Hickey, T.L. Summerville, and Amy E. Neumann</u>.

                                                 s/Tammy Hallwood
                                                 Case Manager
                                                 (810) 341-7887
                                                 tammy_hallwood@mied.uscourts.gov

Report and Recommendation
Motions to Dismiss/Motion to Amend Complaint/SCO
*Wyatt v. WAMU/JP Morgan Chase*; Case No. 09-14919