UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESTATE OF JAMES C. WYATT, II, and
LAYDELL WYATT,

                      Case Number 09-14919
      Plaintiffs,            Honorable David M. Lawson
                      Magistrate Judge Michael J. Hluchaniuk

v.

WAMU/JP MORGAN CHASE BANK,
PATHWAY FINANCIAL, and TROTT
AND TROTT, P.C.,

      Defendants.
_____/

**ORDER OVERRULING PLAINTIFFS' OBJECTIONS TO REPORT AND
RECOMMENDATION, ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION, AND GRANTING
MOTION TO DISMISS BY DEFENDANT WAMU/JP MORGAN CHASE BANK**

      The matter is before the Court on objections to a report filed by Magistrate Judge Michael J. Hluchaniuk recommending that a motion to dismiss filed by defendant WAMU/JP Morgan Chase Bank be granted. The plaintiffs filed a *pro se* complaint against the defendants alleging violations of federal law when the defendants attempted to collect payments and initiate foreclosure proceedings on the plaintiffs' house based on a mortgage that the plaintiffs allege does not exist and never existed. Their original complaint alleged a violation of the Racketeer Influenced and Corrupt Organizations (RICO) Act. The Court entered an order referring the case to the magistrate judge to conduct all pretrial matters. The Court entered a previous order on an earlier report and recommendation issued by Judge Hluchaniuk and referred the case back to him. Defendant Chase then filed another motion to dismiss on August 29, 2011, to which the plaintiffs responded. Judge Hluchaniuk filed his report on January 11, 2012 recommending that the motion be granted and the case dismissed against Chase. The plaintiffs filed objections and the case is before this Court for

*de novo* review. The Court concludes that the plaintiffs' objections lack merit, the magistrate judge correctly concluded that the plainitffs abandoned all their claims except their RICO claim, and the amended complaint clearly does not meet the continuity requirement for pleading RICO's pattern-of-racketeering-activity requirement as construed by the Sixth Circuit. Therefore, the Court will adopt the magistrate judge's report and recommendation and grant defendant Chase's motion to dismiss.

I.

The facts of the case were set forth in detail by the magistrate judge in his first report and summarized by this Court thereafter in its opinion on that report and recommendation. They need not be repeated here, although there have been some procedural developments that deserve mention.

As mentioned in the magistrate judge's first report, defendant Chase filed a motion to dismiss the original complaint, arguing that the complaint did not state claims for which relief can be granted. Thereafter, the plaintiffs filed a motion to amend the complaint to restate their RICO count and add claims to quiet title, violation of the Fair Debt Collection Practices Act, violation of the Fair Credit Reporting Act, defamation, and intentional infliction of emotional distress. The magistrate judge filed a report suggesting that the probate exception ousted this Court's jurisdiction, and also recommended vacating a default judgment against defendant Pathway Financial. The Court adopted the recommendation to set aside the default judgment and rejected the recommendation to dismiss the case for want of subject matter jurisdiction. The Court also referred to several shortcomings in the plaintiffs' proposed amended complaint, and although an amendment was permitted, the Court did not accept the proposed amended complaint. The Court's order outlines in great detail the guidelines for a claim under RICO.

The plaintiffs then filed a new amended complaint on August 16, 2011. Despite their stated intention to add other claims for relief, the only claim the plaintiffs identified in the amended complaint is based on a violation of RICO. Defendant Chase responded with a motion to dismiss. The magistrate judge ordered the plaintiffs to file a response by October 18, 2011. They filed their response late on November 2, 2011, but the magistrate judge allowed it. Judge Hluchaniuk filed his report on January 11, 2011 recommending that the motion be granted.

In his report, the magistrate judge concluded that the plaintiffs abandoned all their possible claims except the RICO claim because the plaintiffs did not include those other claims in their amended complaint, and when defendant Chase addressed those potential claims in its new motion to dismiss, the plaintiffs did not respond to those arguments. The Court agrees that the only claim in play presently is the RICO claim.

The magistrate judge then suggested that the plaintiffs' amended complaint, even construed liberally, failed to state a RICO claim. After outlining the pleading requirements of RICO and the requirements for establishing standing under section 1964(c), the magistrate judge found that the plaintiffs' fraud claims were not sufficient to establish the predicate acts necessary for a RICO claim. The magistrate judge also concluded that the plaintiffs' attempt to predicate their RICO claim on the collection of an unlawful debt, if indeed they were trying to do that, must fail because there is no suggestion in the complaint that the $232,000 loan to James Wyatt was either a gambling-related debt or usurious, which is how "unlawful debt" is defined by RICO. *See* 18 U.S.C. § 1961(6). Relying on *Moon v. Harrison Piping Supply*, 465 F.3d 719, 724 (6th Cir. 2006), the magistrate judge found that the plaintiff failed to plead facts that would support the conclusion that the predicate acts are related and pose a threat of continuing criminal activity.

As mentioned, the magistrate judge recommended that Chase's motion to dismiss be granted.

The plaintiffs filed timely objections, listing six grounds. First, the plaintiffs object that they were denied their right to be heard because the plaintiffs were ordered to respond to the motion to dismiss by January 30, 2012, and the report and recommendation was entered on January 11, 2012. Second, the plaintiffs object because the Court has proper subject matter jurisdiction over the complaint because the plaintiffs are seeking relief under 18 U.S.C. § 1964. Third, the plaintiffs state that the report and recommendation "impairs the promotion of simplicity in procedures, obstructs the just determination of litigation, fails to eliminate unnecessary unjustifiable expenses and delay." Pls.' Obj. at 6. Fourth, the plaintiffs state that the report and recommendation "violates Laydell Wyatt's constitutional right to be secure in her person and property and . . . to protect her home against unlawful seizure." *Id*. at 7. Fifth, the plaintiffs argue that the report and recommendation denies the plaintiffs' right to equal protection of the law. Sixth, the plaintiffs refute the conclusion that the amended complaint fails to state a RICO claim because it alleges that the defendants committed two or more predicate acts in a ten-year span, the predicate acts were related to one another, and the predicate acts demonstrate criminal conduct of a continuing nature.

Defendant Chase filed a response to the objections.

II.

At the outset, it is useful to note that objections to a report and recommendation are reviewed *de novo*. "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

"[T]he failure to file specific objections to a magistrate's report constitutes a waiver of those objections," *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004), and releases the Court from its duty to independently review the motion, *see Thomas v. Arn*, 474 U.S. 140, 149 (1985) (holding that the failure to object to the magistrate judge's report releases the Court from its duty to review the motion independently); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

A *pro se* litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and is held to "less stringent standards" than a complaint drafted by counsel, *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, "[t]he leniency granted to pro se [litigants] . . . is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and such complaints still must plead facts sufficient to show a redressable legal wrong has been committed, Fed. R. Civ. P. 12(b); *Dekoven v. Bell*, 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001). To plead a case under the current regime, a plaintiff "must plead 'enough factual matter' that, when taken as true, 'state[s] a claim to relief that is plausible on its face.'" *Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)). "Plausibility requires

showing more than the 'sheer possibility' of relief but less than a 'probab[le]' entitlement to relief." *Ibid.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)).

A motion to dismiss under Rule 12(b)(6) is confined to a consideration of the pleadings. *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008). "[A] court may accept 'matters outside the pleadings,' but in doing so it generally must treat the motion 'as one for summary judgment under Rule 56.'" *Ibid.* (quoting Fed. R. Civ. P. 12(d)). However, "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss. . . . In addition, when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c); *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999), *abrogated on other grounds by Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506 (2002)). "[I]f the plaintiff fails to attach the written instrument upon which he relies, the defendant may introduce the pertinent exhibit," which is then considered part of the pleadings. *QQC, Inc. v. Hewlett-Packard Co.*, 258 F. Supp. 2d 718, 721 (E.D. Mich. 2003) (citing *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997)). "[D]ocuments properly introduced by a defendant '"are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim."'" *Ibid.* (*Bowens v. Aftermath Entm't*, 254 F. Supp. 2d 629, 639 (E.D. Mich. 2003) (quoting *Weiner*, 108 F.3d at 89)). Defendant Chase has attached numerous documents to its motion to dismiss, many of which are referred to in the complaint. However, consideration of those documents is not necessary to rule on defendant Chase's motion to dismiss.

For the reasons discussed below, the Court finds that the magistrate judge correctly found that the plaintiffs have failed to plead either the existence of an unlawful debt or continuity of the alleged criminal enterprise. The majority of the plaintiffs' objections to the report and recommendation either are irrelevant or clearly lack merit. The only objection with potential merit is the plaintiffs' objection that the amended complaint does state a claim because it adequately pleads two predicate acts. Although the amended complaint, read generously, could plead the existence of the two required predicate acts, the lack of continuity is dispositive and mandates dismissal of the amended complaint.

A.

The plaintiffs' first objection — that they were denied an opportunity to respond to defendant Chase's motion before the entry of the report and recommendation — is plainly without merit. The plaintiffs were ordered to respond to the motion to dismiss by October 18, 2011 and they filed their response on November 2, 2011. The order to which the plaintiffs refer requires a response to defendant Trott & Trott's motion to dismiss before January 30, 2012. There is no indication that the plaintiffs were denied an opportunity to respond to defendant Chase's motion.

B.

The plaintiffs' second objection — that the Court has subject matter jurisdiction over the complaint — is irrelevant. Defendant Chase does not dispute that subject matter jurisdiction exists. The magistrate judge's report and recommendation was not predicated on a finding that the Court lacks subject matter jurisdiction; instead, the magistrate judge recommended that the Court grant defendant Chase's motion to dismiss because the amended complaint fails to state a claim. This

objection appears to be a remnant of the last round of motions and recommendations; but the issue discussed has no bearing on the issues presently before the Court.

C.

The plaintiffs' third objection does not address the arguments advanced in the report and recommendation. The objection reads in its entirety: "The Report and Recommendation impairs the promotion of simplicity in procedures, obstructs the just determination of litigation, fails to eliminate unnecessary unjustifiable expense and delay." Pls.' Obj. at 6. That language appears to be adapted from 28 U.S.C. § 331, which deals with the Judicial Conference of the United States. The original language describes the reasons for which the Judicial Conference should recommend changes in rules of procedure to the Supreme Court. This third objection, which does not attack the reasoning in the report and recommendation, provides no basis for overruling the magistrate judge or denying the motion to dismiss.

D.

The plaintiffs' fourth objection — that the report and recommendation violates plaintiff Laydell Wyatt's right to be secure in her person and property and to protect her home against unlawful seizure — likewise is without merit. The objection appears to invoke rights under the Fourth Amendment, but the plaintiffs have not identified a state actor, and state action is an essential element of a claim under the Fourth Amendment as made applicable to the states by the Fourteenth Amendment. *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982); *Albright v. Oliver*, 510 U.S. 266, 309 n. 28 (1994).

E.

The plaintiffs' fifth objection does not constitute a recognizable argument. The plaintiffs state that their right to equal protection under the law is denied by the report and recommendation. The plaintiffs do not provide any reason to believe that the Equal Protection Clause is implicated by the report. The plaintiffs also outline the standards governing a motion to dismiss without applying that standard to this case or arguing that the magistrate judge has misapplied the standard. The plaintiffs' fifth objection does not raise any argument that would upset the magistrate judge's findings.

F.

The plaintiffs' sixth objection states, in essence, that the amended complaint does in fact state a claim, and the magistrate judge is incorrect when he found that the fraud claims in the amended complaint are insufficient to establish the predicate acts necessary for a RICO claim, the amended complaint fails to establish the existence of an unlawful debt, and the amended complaint does not establish sufficient continuity to establish a pattern of racketeering activity.

The magistrate judge is correct that the amended complaint fails to establish the existence of an unlawful debt. Although it is possible that the amended complaint, viewed expansively, could allege the existence of two predicate acts, the plaintiffs' claim must nevertheless fail because it is clear that the amended complaint does not establish sufficient continuity to state a RICO claim.

RICO's civil remedy provision states that "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee . . . ." 18 U.S.C. § 1964(c). The plaintiffs originally alleged

a violation of subsection 1962(c) against the defendants; the amended complaint and the plaintiffs' objections also mention subsection 1962(b).

Subsection 1962(b) makes it "unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce." 18 U.S.C. § 1962(b). To state a claim under subsection 1962(b), a plaintiff must plead "facts tending to establish" that the defendants "(1) acquired or maintained (2) through a 'pattern of racketeering activity' or the 'collection of an unlawful debt' (3) an interest in or control of an enterprise (4) engaged in, or the activities of which affect, interstate or foreign commerce." *Advocacy Organization for Patients and Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 321-22 (6th Cir. 1999). Subsection 1962(c) makes it "unlawful for any person employed by or associated with any enterprise engaged in" activities affecting "interstate or foreign commerce . . . to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). To state a claim under subsection 1962(c), the plaintiff must plead "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985) (footnote omitted); *see also Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006).

Listing those elements makes clear that whether the plaintiffs intend to proceed under subsection 1962(b) or subsection 1962(c), they must plead facts establishing that the defendants have either attempted to collect an unlawful debt as defined by the RICO statute or engaged in a pattern of racketeering activity. RICO pleadings are to be liberally construed. *Begala v. PNC Bank Ohio, Nat. Ass'n*, 214 F.3d 776, 781 (6th Cir. 2000). However, under the current interpretation of

Rule 12(b)(6), the court does not accept legal conclusions unsupported by the pleaded facts. *Fabian*, 628 F.3d at 280 (quoting *Twombly*, 550 U.S. at 556, 570; *Iqbal*, 129 S. Ct. at 1949).

> RICO defines an unlawful debt as
>
> a debt (A) incurred or contracted in gambling activity which was in violation of the law of the United States, a State or political subdivision thereof, or which is unenforceable under State or Federal law in whole or in part as to principal or interest because of the laws relating to usury, and (B) which was incurred in connection with the business of gambling in violation of the law of the United States, a State or political subdivision thereof, or the business of lending money or a thing of value at a rate usurious under State or Federal law, where the usurious rate is at least twice the enforceable rate.

18 U.S.C. § 1961(6). There is no indication in the complaint that the mortgage debt that is the subject of this litigation was incurred in gambling activity. Nor is there an allegation that the debt is unenforceable under state or federal usury laws. The amended complaint does not state the interest rate on the loan. The statutory interest cap in Michigan is twenty-five percent. Mich. Comp. Laws § 438.31c(2), (4); Mich. Comp. Laws § 438.41. Defendant Chase has provided a copy of the note that shows that the interest rate on the loan was six percent and the plaintiffs have not contradicted that figure. In their objection, the plaintiffs state that the debt is unenforceable due to laws relating to usury, but they neither identify what laws render the debt unenforceable nor explain how those laws apply in this case. The plaintiffs have not stated a claim under RICO that the defendants attempted to collected on an unlawful debt.

To plead a pattern of racketeering activity, the plaintiff must allege at least two predicate acts, although that may not be sufficient. *Brown v. Cassens Transp. Co.*, 546 F.3d 347, 354 (6th Cir. 2008) (citing *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 238-43 (1989)). Acts constituting racketeering activity are listed in subsection 1961(1) and include "any act or threat involving . . . extortion," mail fraud, wire fraud, counterfeiting, and money laundering. "Only those

acts itemized in 18 U.S.C. § 1961(1) can constitute predicate offenses for RICO violations." *Frank v. D'Ambrosi*, 4 F.3d 1378, 1385 (6th Cir. 1993).

When the predicate acts are based on fraud, Federal Rule of Civil Procedure 9(b)'s heightened pleading requirement applies. *Brown*, 546 F.3d at 356 n.4. At a minimum, a complaint alleging a RICO claim must state "the nature of the fraud [that] gives rise to the predicate offense." *Blount Fin. Servs., Inc. v. Walter E. Heller & Co.*, 819 F.2d 151, 152 (6th Cir. 1987). Rule 9(b) requires that when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The plaintiff must "'allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of [the other party]; and the injury resulting from the fraud.'" *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993) (quoting *Ballan v. Upjohn Co.*, 814 F. Supp. 1375, 1385 (W.D. Mich. 1992)); *see also Vild v. Visconsi*, 956 F.2d 560, 567 (6th Cir. 1992); *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984) (holding that as to each predicate act, the plaintiff must allege "the time, place and contents of the misrepresentation(s)"). Where a plaintiff makes only "loose references" to support its allegations of mail and wire fraud, but otherwise fails to identify the parties to those transactions, circuit courts have upheld the dismissal of the RICO claims under both Rule 9(b) and RICO itself. *See Jepson, Inc. v. Makita Corp.*, 34 F.3d 1321, 1328 (7th Cir. 1994) ("[W]ithout an adequately detailed description of the predicate acts of mail and wire fraud, a complaint does not provide either the defendant or the court with sufficient information to determine whether or not a pattern of racketeering activity has been established."); *Vennittilli v. Primerica, Inc.*, 943 F. Supp. 793, 799 (E.D. Mich. 1996) (discussing *Jepson*). The complaint also must identify the person making the alleged misrepresentations or involved in the alleged predicate

acts. *Jepson*, 34 F.3d at 1328; *Seattle-First Nat'l Bank v. Carlstedt*, 800 F.2d 1008, 1011 (10th Cir. 1986); *Vennittilli*, 943 F. Supp. at 799.

The magistrate judge concluded that the plaintiffs failed to plead two predicate acts. The amended complaint identifies eight predicate acts: execution of a mortgage using a forged signature in violation of 18 U.S.C. §§ 1001, 1002, and 1005; the defendants' "continued certification and assertions" that the mortgage was valid and attempts to coerce the plaintiffs to pay the debt; defendant Chase's continued association with defendant Pathway "through its continued fraudulent and false assertions by mail and wire fraud" that the mortgage was valid; defendant Chase's payment of a retainer to defendant Trott & Trott to assist with the collection of the debt; defendant Chase's and defendant Trott & Trott's conspiracy to collect an unlawful debt; defendant Chase's and defendant Trott & Trott's "agreement to conceal fraud, make fraudulent representations" and continue to attempt to collect the debt despite alleged knowledge of its illegality; defendant Chase's and defendant Trott & Trott's assertions that legal documentation supports the validity of the debt and foreclosure of the property; and the defendants' "unlawful contact attempts" with the plaintiffs and relatives, including "continuous harassment, threats and intimidation tactics, unlawful electronic access of Plaintiffs' personal property and all unlawful physical attempts." Am. Compl. at 16-17. In addition, the amended complaint states that the defendants were involved in mail and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343 and violated 18 U.S.C. § 471 (prohibiting counterfeiting a security of United States), 18 U.S.C. § 1951 (prohibiting interference with interstate commerce through robbery or extortion), and 18 U.S.C. § 1956 (prohibiting money laundering). Am. Compl. at 6, 8, 10.

Several of those allegations are obviously insufficient to constitute the two predicate acts required by RICO. Common law fraud is not included in the list of predicate acts in the RICO statute. *See* 18 U.S.C. § 1961(1); *see also German Free State of Bavaria v. Toyobo Co., Ltd.*, 480 F. Supp. 2d 958, 968 (W.D. Mich. 2007). Instead, the RICO statute specifies the types of fraud that may constitute predicate acts, including wire fraud and mail fraud. Allegations of common law fraud cannot support a RICO claim. Nor are 18 U.S.C. §§ 1001, 1002, and 1005, which the plaintiffs allege the defendants violated, included in the list of predicate acts. *See* 18 U.S.C. § 1961(1). And although the plaintiffs mention violations of 18 U.S.C. §§ 471 and 1965, the plaintiffs have pleaded no facts that would suggest that the defendants were involved in counterfeiting a security of the United States or money laundering.

Once these allegations are pared away, there are three allegations in the amended complaint that theoretically could constitute predicate acts: mail fraud, wire fraud, and extortion. Each of those are included in the list of predicate acts in the RICO statute. *See* 18 U.S.C. § 1961(1) (listing violations of 18 U.S.C. §§ 1341, 1343 and 1951 and "any act or threat involving . . . extortion" as predicate acts). If the plaintiffs have pleaded facts that would support a claim that Chase engaged in two of those violations, then the plaintiffs have met the predicate act requirement. As noted above, wire and mail fraud claims must be pleaded with particularity to survive a motion to dismiss. The plaintiffs reference a great number of letters and telephone calls in their complaint. Contrary to the findings of the magistrate judge, those assertions are more than "vague references" that clearly do not meet the pleading standard in Rule 9(b). It is true that many of the telephone calls and letters discussed do not appear to contain misrepresentations; the communications assume the validity of the note, but in most cases they are requests for the plaintiffs to take action rather than

-14-

representations. However, the plaintiffs do allege some specific communications that contain sufficient details at least to place the defendants on sufficient notice of the misrepresentation alleged to permit them to answer the fraud claim. *Coffey*, 2 F.3d at 162. The plaintiffs point to a series of conversations between plaintiff Laydell Wyatt and a Chase customer service representative. For instance, the plaintiffs allege that Wyatt spoke on the phone to Chase employee Tamya Kennedy on November 16, 2009, and that Kennedy told her the foreclosure had been placed on hold. Am. Compl. ¶ 32. The plaintiffs allege that statement was a misrepresentation because the property had been in active foreclosure on the date of the conversation. *Id.* ¶¶ 33-34. That conceivably could constitute wire fraud, as the plaintiffs have alleged a misrepresentation made in a telephone call. The plaintiffs have also alleged that plaintiff Laydell Wyatt received mail correspondence from defendant Trott & Trott on November 23, 2009 containing pages of the allegedly fraudulent mortgage and note containing the allegedly forged signatures of James C. Wyatt. *Id.* ¶ 37. That mailing could amount to mail fraud because it could be viewed as a misrepresentation of the validity of those signatures.

But it is not necessary to determine conclusively whether the plaintiffs have pleaded the existence of two predicate acts, because even if they have, their RICO claim fails because they have not demonstrated continuity. The Supreme Court has held that to demonstrate a "pattern of racketeering activity," plaintiffs must show "that the racketeering predicates are related, *and* that they amount to or pose a threat of continued criminal activity." *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 239 (1989) (emphasis in original). To demonstrate that the predicates are related, it is sufficient to allege facts showing that the predicates "'have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by

-15-

distinguishing characteristics and are not isolated events.'" *Id.* at 240 (quoting 18 U.S.C. § 3575(e)). The second requirement, continuity, "is both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition." *Id.* at 241. "A party alleging a RICO violation may demonstrate continuity over a closed period by proving a series of related predicates over a substantial period of time," that is, a period longer than "a few weeks or months." *Id.* at 242. It is more difficult to define what could demonstrate continuity through a threat of repetition; the inquiry is highly fact-specific. *Ibid.* The Supreme Court gave as examples of this form of continuity a "hoodlum" selling "insurance" to protect shopkeepers from broken windows and stating that he would return to collect the premiums each month, and where "it is shown that the predicates are a regular way of conducting defendant's ongoing legitimate business." *Id.* at 242-43.

The allegations in the amended complaint do not meet the continuity requirement because they do not demonstrate continuity over a closed period. The actions alleged by the plaintiffs occurred between May 2009 and December 2009. That period of eight months is insufficient to constitute the "substantial period of time" that would permit the plaintiffs to demonstrate continuity over a closed period. *See H.J., Inc.*, 492 U.S. at 242 (a substantial period of time is longer than "a few weeks or months"); *Moon*, 465 F.3d at 725 (series of acts over a nine month period insufficient for closed-period continuity); *Vemco, Inc. v. Camardella*, 23 F.3d 129, 134 (6th Cir. 1994) (series of acts spanning seventeen months insufficient to constitute closed-period continuity); *Vild*, 956 F.2d at 569 (six or seven month period insufficient). Although the plaintiffs have alleged actions taken by the defendants between December 2009 and May 2010, that activity either was taken to defend the present litigation (such as filing required disclosure under Federal Rule of Civil Procedure 26(a))

-16-

or otherwise does not plausibly constitute RICO predicate acts (such as various mailings about the availability of a loan modification under HAMP). Am. Compl. at 13-14. Moreover, the eleven-month period in which those actions were alleged to have occurred is insufficient to demonstrate closed-period continuity under the precedents cited above.

Nor have the plaintiffs pleaded facts that would support a finding of continuity through a threat of repetition. The plaintiffs have alleged that the defendants have been engaged in a scheme to defraud them through a forged mortgage and note. That bears little similarity to the neighborhood protection racket envisioned by the Supreme Court in *H.J., Inc.*. There is nothing in the amended complaint to suggest that the predicate offenses identified by the plaintiffs are defendant Chase's regular way of doing business. The plaintiffs have not alleged, for example, that Chase has attempted to enforce other forged notes through wire or mail fraud. Instead, the amended complaint describes a single scheme to defraud the plaintiffs. Although the question whether a plaintiff has alleged one "scheme" or multiple schemes is not dispositive, the Sixth Circuit repeatedly has found that allegations that a defendant conducted a single scheme with a single purpose aimed at a single victim over a short period of time are insufficient to meet the requirement of continuity under RICO. *Vemco, Inc.*, 23 F.3d at 135 (finding no open-ended continuity where complaint pleaded a scheme to defraud one victim); *Moon*, 465 F.3d at 725-26 (finding no open-ended continuity where "[a]ll of the predicate acts . . . were keyed to Defendants' single objective of depriving [the plaintiff] of his benefits"); *Vild*, 956 F.2d at 569 (finding no open-ended continuity where acts constituted "a breach of contract with a single customer"); *Thompson*, 950 F.2d at 311 (finding no open-ended continuity where defendant's scheme to sell lots would end when the lots were sold). Like those cases, the scheme alleged in the amended complaint was "inherently terminable" and had a "built-in

ending point": the plaintiffs would either pay the mortgage until the debt was extinguished or the debt would be extinguished in foreclosure. *Heinrich v. Waiting Angels Adoption Services, Inc.*, 668 F.3d 393, 410 (6th Cir. 2012). Also like those cases, the plaintiffs' complaint identifies one victim.

The Court must conclude that although the plaintiffs' allegations might support a claim for fraud, they lack the continuity that the Supreme Court and the Sixth Circuit have found to be indispensable for a successful RICO claim.

### III.

As the Court observed in its previous order, RICO claims are difficult to plead correctly. That warning is especially pertinent when a *pro se* party attempts to advance a RICO theory. The Court has been mindful of the generous light cast upon such pleadings, and it previously furnished step-by-step guidance for the plaintiffs' attempt to amend their complaint successfully. The plaintiffs' amended complaint still falls short of the pleading requirements of RICO.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #118] is **ADOPTED**.

It is further **ORDERED** that the plaintiffs' objections to the magistrate judge's report and recommendation [dkt. #119] are **OVERRULED**.

It is further **ORDERED** that defendant WAMU/JP Morgan Chase Bank's motion to dismiss [dkt. #111] is **GRANTED**.

It is further **ORDERED** that the amended complaint is **DISMISSED WITH PREJUDICE** as to defendant WAMU/JP Morgan Chase Bank **ONLY**.

It is further **ORDERED** that the matter is referred to Magistrate Judge Michael J. Hluchaniuk under the previous reference order [dkt. #14] to adjudicate the remaining motion to dismiss, ready the matter for trial, and to conduct a trial if the parties consent under 28 U.S.C. § 626(b)(1)(c).

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   March 20, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 20, 2012.

s/Deborah R. Tofil  
DEBORAH R. TOFIL