UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESTATE OF JAMES C. WYATT, II, and.
LAYDELL WYATT,

                    Plaintiffs,

v.

WAMU/JP MORGAN CHASE BANK,
PATHWAY FINANCIAL, and TROTT
AND TROTT, P.C.,

                    Defendants.
_____/

Case Number 09-14919
Honorable David M. Lawson
Magistrate Judge Michael J. Hluchaniuk

## **ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**

On January 11, 2012, the magistrate judge filed a report and recommendation recommending that the Court grant defendant Chase's motion to dismiss. The plaintiffs filed objections on January 12, 2012 and defendant Chase responded on January 26, 2012. On March 20, 2012, the Court entered an order adopting the magistrate judge's report and recommendation and granting defendant Chase's motion to dismiss.

On May 4, 2012, the plaintiffs filed a motion for reconsideration of the Court's order. Upon review of the plaintiffs' motion, the plaintiffs appear to be making two arguments. First, the plaintiffs argue that the magistrate judge's issuance of a report and recommendation on defendant Chase's motion to dismiss and the Court's adoption of that order without hearing oral argument on either the defendant's motion or the plaintiffs' objections violated the plaintiffs' due process rights. Second, the plaintiffs argue that the Court's order granting defendant Chase's motion to dismiss is based on a mistake of fact and law, and that this justifies relief from the order.

As a preliminary matter, the plaintiffs' motion for reconsideration is untimely. The Local Rules provide that motions for reconsideration must be filed within fourteen days after the entry of the order; the plaintiffs' motion was filed more than six weeks after the order granting defendant Chase's motion to dismiss was entered. E.D. Mich. LR 7.1(h)(1). However, even if the plaintiffs' motion were timely, the Court would still deny the plaintiffs' motion on the merits.

As to the plaintiffs' first argument, the failure to conduct oral argument on a dispositive motion does not constitute a due process violation. The Court is free to decide motions on the papers submitted by the parties, and is not required to hold oral argument on all motions submitted. *See* E.D. Mich. LR 7.1(f)(2). The plaintiffs cite no authority for the proposition that the magistrate judge was required to hold a hearing on defendant Chase's motion, much less that the failure to do so was a violation of the plaintiffs' constitutional due process right. However, there is authority for the contrary position. *See Grain v. Trinity Health, Mercy Health Services, Inc.*, Case No. 03-72486, 2009 WL 1868543, at *3 (E.D. Mich. June 26, 2009) (collecting cases). Nor is the Court required to conduct oral argument on a party's objections to a magistrate judge's report and recommendation. *Cf. United States v. Raddatz*, 447 U.S. 667, 674-75, 680-81 (1980).

As to the plaintiffs' second argument, the plaintiffs appear to be requesting relief from judgment under Federal Rule of Civil Procedure 60(b). The plaintiffs' motion under Rule 60(b) is inapposite, as judgment has not yet entered in this case. However, considered either under the standards in Rule 60(b) or as a motion for reconsideration, the plaintiffs' arguments fail.

Federal Rule of Civil Procedure 60(b) provides that the court may relieve a party from a final judgment for the six following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

>   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>   (4) the judgment is void;
>   (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>   (6) any other reason that justifies relief.

Fed. R. Civ. Pro. 60(b).

A decision to grant or deny a Rule 60(b) motion "is a matter of discretion for the district court." *Bank of Montreal v. Olafsson*, 648 F.2d 1078, 1079 (6th Cir. 1981). Relief from a judgment or order under Federal Rule of Civil Procedure 60(b) is an "extraordinary remedy that is granted only in exceptional circumstances." *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502-03 (6th Cir. 2000). Rule 60(b) "does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001); *see also* E.D. Mich. LR 7.1(g)(3) ("[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication."). In order to qualify for relief under Rule 60(b), "a party seeking relief from judgment must show the applicability of the rule." *Ibid*.

Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(g)(1) when the moving party to shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). However,

motions for reconsideration should not be granted when they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(g)(3).

In support of their motion, the plaintiffs offer the same arguments pressed in their objections to the magistrate judge's report and recommendation. The plaintiffs' arguments demonstrate neither a palpable defect by which the Court has been misled nor that the plaintiffs are entitled to the "extraordinary remedy" of relief from judgment. Therefore, the Court will deny the plaintiffs' motion, whether construed as a motion for reconsideration or a motion for relief from judgment.

Accordingly, it is **ORDERED** that the plaintiffs' motion for reconsideration [dkt. #126] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: May 9, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 9, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL