UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE ESTATE OF JAMES C. WYATT, II,
and LAYDELL WYATT,

               Plaintiffs,

vs.

WAMU/JP MORGAN CHASE BANK,
PATHWAY FINANCIAL, LLC, and
TROTT AND TROTT, PC, and
CHASE HOME FINANCIAL,

               Defendants.

_____/

Case No. 09-14919

David M. Lawson
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

**REPORT AND RECOMMENDATION**
**DEFENDANT'S MOTION TO DISMISS (Dkt. 116)**
***SUA SPONTE* DISMISSAL OF PATHWAY FINANCIAL**

## I.    PROCEDURAL HISTORY

On December 18, 2009, plaintiffs, the Estate of James C. Wyatt II, the

deceased husband of plaintiff Laydell Wyatt, filed a complaint against defendants

primarily alleging violations of Racketeer Influenced and Corrupt Organizations

Act (RICO).  (Dkt. 1).  This matter is referred to the undersigned for all pretrial

proceedings by District Judge David M. Lawson.  (Dkt. 14).  Plaintiffs were

permitted to amend the complaint after Judge Lawson adopted in part and rejected

in part the report and recommendation issued by the undersigned on November 4,

2010.  (Dkt. 100, 107).  Plaintiffs filed their amended complaint on August 16,

2011.  (Dkt. 108).  On August 29, 2011, defendant WAMU/JP Morgan Chase filed a motion to dismiss the amended complaint.  (Dkt. 111).  The undersigned recommended that the motion be granted because plaintiff failed to state a claim on which relief can be granted.  (Dkt. 118).  This recommendation was adopted by the District Court, over plaintiffs' objections, on March 20, 2012.  (Dkt. 123).  On December 5, 2011, defendant Trott & Trott filed a motion to dismiss, essentially adopting the arguments submitted in WAMU/JP Morgan Chase's motion to dismiss.  (Dkt. 116).  Plaintiff filed a response on January 30, 2012.  (Dkt. 121). Trott & Trott filed a reply on February 13, 2012.  (Dkt. 122).

As noted in the Order to Show Cause dated March 21, 2012, service of the summons and amended complaint has not been made on defendant Pathway Financial, LLC in this action.[1]  Plaintiffs were ordered to show cause in writing on why they have failed to make service of the summons and amended complaint as to defendant Pathway Financial, LLC in this matter.  (Dkt. 124).  The Court also extended the time for service until April 20, 2012.  (Dkt. 124).  In addition, the Court warned plaintiffs that failure to serve the amended complaint could result the dismissal of the action without prejudice.  (Dkt. 124, Pg. ID 1944).  In

---

[1]  In their amended complaint, plaintiffs refer to "Doe" defendants.  To the extent plaintiffs' amended complaint could be interpreted to include any additional unidentified parties, those claims should also be dismissed.

response, plaintiffs say that Pathway Financial was served through the Court's electronic filing system.  (Dkt. 125).

For the reasons set forth below, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **GRANTED**, that defendant Pathway Financial also be dismissed, with prejudice and that plaintiffs' complaint be **DISMISSED** in its entirety, with prejudice.

## II.    FACTUAL BACKGROUND

The detailed factual background relating to plaintiffs' claims may be found in the report and recommendation dated November 4, 2011.  (Dkt. 100).  It need not be repeated here.

## III.    ANALYSIS AND CONCLUSIONS

### A.    Defendant Trott & Trott

The undersigned previously concluded that plaintiffs had abandoned all claims except their RICO claims and that the amended complaint failed to state a claim under RICO.  (Dkt. 111).  These recommendations and conclusions were adopted by the District Court.  (Dkt. 118).  Plaintiffs' claims against Trott & Trott fail for precisely the same reasons and those claims should be dismissed as well.

### B.    Defendant Pathway Financial

Although defendant Pathway Financial could be dismissed from this action without prejudice based on plaintiffs' failure to serve the summons and amended

complaint in a timely fashion, the undersigned recommends that plaintiffs' claims against Pathway be dismissed with prejudice, for the same reasons those claims against defendant WAMU/JP Morgan Chase have been dismissed.

## IV.   RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **GRANTED**, that defendant Pathway Financial also be dismissed, with prejudice and that plaintiffs' complaint be **DISMISSED** in its entirety, with prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

Report and Recommendation
Motion to Dismiss/*Sua Sponte* Dismissal
*Wyatt v. WAMU/JP Morgan Chase*; Case No. 09-14919

etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  May 18, 2012                      s/Michael Hluchaniuk
                                         Michael Hluchaniuk
                                         United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on May 18, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Laydell Wyatt, Jennifer Boueri Chilson, Joseph H. Hickey, T.L. Summerville, and Amy E. Neumann.

                                         s/Tammy Hallwood
                                         Case Manager
                                         (810) 341-7887
                                         tammy_hallwood@mied.uscourts.gov